CLIFFORD, J.,
delivered tbe opinion of tbe court:
Statement of the facts shows that the United States, in June, 1839, brought an action of debt in the circuit court on the official bond of the collector of the port of New York, against the executors of Henry Eckford, who was one of the sureties in that bond. Purpose of the suit was to recover moneys which the collector had received as such, without having ever accounted for the same as required by law. Defendants interposed various pleas, and among others pleaded that the moneys retained by the collector were received after he was reappointed and at a time when the testator of the defendants was not a surety. They also pleaded a set-off, claiming that a large sum was due to their testator from the plaintiffs on several accounts, and especially for the occupation of real estate. Verdict of the jury was for the defendants, and the jury certified, as stated in the record, that there was due from the United States to the defendants the sum of $20,545 50. Judgment was accordingly rendered in the circuit court that the defendants do go thereof without day, and that the surviving executors were entitled to be paid the balance so certified by the jurors.
Upon these facts the Court of Claims decided :
1. That the circuit court had jurisdiction of the subject-matter of the suit and the set-off pleaded.
2. That the finding of the jury and the determination of the court constituted, in substance and effect, a valid and binding judgment against the United States for the sum certified by the jury.
3. That such judgment, as it remains unsatisfied and unrecovered, cannot be impeached in a collateral suit.
4. That the finding of the jury, under the circumstances stated, is conclusive and is not subject to re-examination in any federal court by virtue of the seventh amendment to the Constitution.
Dissatisfied with the judgment of the court the United States appealed.
Settled rule of law, as universally understood, is that the judiciary act does not authorize a suit against the United States in any of the federal courts. Where a party contracting with the United States is dissatisfied with the course pursued towards him by the officers of the *456 government charged with the fulfilment of the contract, his only remedy, except in the limited class of cases cognizable in the Court of Claims, is by petition to Congress. (Briscoe v. Bank of Kentucky, 11 Pet. 321; Cohens v. Virginia, 6 Whea. 411, 412; Conk. Treatise, 4th ed., 137; Reeside v. Walker, 11 How., 287; United States v. McLemore, 4 How., 286; Hill v. United States, 9 How., 389.)
The Supreme Court was created by the Constitution, hut the circuit courts were created by an act of Congress, and they are not authorized to exercise jurisdiction in any case except where the jurisdiction was conferred by an act of Congress. (United States v. Hudson, 7 Cran, 32; United States v. Bevans, 3 Whea., 336; McIntire v. Wood, 7 Cran., 504; United States v. Coolridge, 1 Whea., 415.)
Jurisdiction cannot be exercised by a circuit court in a suit against the United States, or against any othpr party, unless the plaintiff can bring his case within some act of Congress. (United States v. Clarke, 8 Pet., p. 444.)
Eight of set-off, properly so called, did not exist at common law, but is founded on the statutexof 2 Geo. II, ch. 24, sec. 4, which, in substance and effect, enacted that where there were mutual debts between the plaintiff and the defendant, * * one debt may be set against the other and such matter may be given in evidence under the general issue, or be pleaded in bar, so that notice shall be given of the sum or debt intended to be offered in evidence. (Chitty on Con., 948.) Such being the general rule of law, it is quite clear that the right of the claimant must depend upon the regulations prescribed by Congress for the government of the federal courts in suits between the United States and individuals.
Where a suit is instituted against any person indebted to the United States, the act of the 3d of March, 1797, provides in its third section that the court shall, on motion, grant judgment at the return term, unless the defendant shall, in open court, make oath or affirmation that he is equitably entitled to credits which had been, previous to the commencement of the suit, submitted to the consideration of the accounting officers of the treasury and rejected, specifying each particular claim so rejected in the affidavit. Section four of the same act also provides that in suits between the United States and indviduals no claim for a credit shall be admitted upon trial but such as shall appear to have been submitted to the accounting officers of the treasury for their examination and by them been disallowed, unless it shall appear that the defandant, at the time of trial, is in possession of vouchers not before in his power to procure, and that he was pre *457 vented from exhibiting a claim for such credit at the treasury by absence from the United States, or some unavoidable accident. (1 Stat. L., p. 515; United States v. Giles et al., 9 Cran., 236.) Same rules are prescribed in respect to set-offs in suits against postmasters, except that the party claiming the credit is required to present the claim to the auditor of the Post Office Department. (5 Stat. L., p. 83.)
Extent of the authority conferred by that section is as plain as any grant of power can well be which is conferred in clear and unambiguous language. Claims for credit in suits against persons indebted to the United States, if it appears that the claim had previously been presented to the accounting officers of the treasury for their examination and had been by them disallowed, in whole or in part, may be admitted upon the trial of the suit, but it can only be admitted as a claim for a credit and not as a demand for judgment. Such a claim for a credit shall be admitted, and if proved should be allowed in reduction of the alleged indebtedness of the defendant, even to the discharge of the entire claim of the plaintiffs, but there is not a word in the provision conferring any jurisdiction upon the court to determine that the United States is indebted to defendant for any balance, or to render judgment in his favor for the excess of the set-off over his indebtedness as proved in the trial.
Equitable claims for credit, though never presented and disallowed, may be admitted upon the trial if brought within the conditions prescribed in the latter clause of the section, but if admitted they also are to be adjudicated as claims for credit and not as demands for judgment against the United States.
Perhaps the best exposition of the law upon the subject is given in the opinion of the court in the case of Reeside v. Walker, (11 How., p. 290,) which was before the court on a writ of error to the circuit court of this District. Express ruling of the court in that case was that no action of any kind could be sustained against the government for any supposed debt, unless by its own consent; and that to permit a demand in set-off to become the foundation of' a judgment would be the same thing as sustaining the prosecution of a suit. Such a proceeding, the court held, could not be upheld against the government, except by a mere evasion, which would be as useless in the end “ as it would be derogatory to judicial fairness.” All the court appear to have concurred in that judgment, and, in our opinion, it is decisive of the present controversy.
Attempt is not made to sustain the jurisdiction of the circuit court in such a case by virtue of any provisions of any act of Congress reg *458 ulating judicial proceedings, but the argument is that the ruling of the court below may be supported because the law of the State may be regarded as the rule of decision in the circuit court, and that by the law of the State judgment in such a case may be rendered for the defendant for the balance due from the plaintiff.
Rules of decisions undoubtedly are derived in certain cases, in suits at common law, from the laws of the several States, but the 34th section of the judiciary act does not apply to the process or practice of federal courts, unless adopted by'an act of Congress or some rule of court not inconsistent with the laws of the United States. (1 Stat. L., p. 92; Wyman v. Southard, 10 Whea., 24; United States Bank v. Halstead, 10 Whea., 62.)
Extended argument upon the subject, however, is unnecessary, as the point has been directly determined in this court and ought not any longer to be regarded as an open question. Speaking to the precise point, the court said, in United States v. Robeson, (9 Pet., 324,) “ This is a question which arises exclusively under the acts of Congress, and no local law or usage can have any influence upon it. The rule as to set-off in su'ch cases must be uniform in the different States, for it constitutes the law of the courts of the United States in a matter which relates to the federal government,” and in that view of the subject we entirely concur.
The rule is, as there stated, that where a defendant has in his own right an equitable claim against the United States for services rendered or otherwise, and has presented it to the proper accounting officers of the treasury, who have refused to allow it, he may set up claim as a credit on a writ brought against him for any balance of money claimed to be due the government. Same rule is adopted by Mr. Conklin in his valuable treatise, and we have no doubt it is correct. (Conk. Treatise, p. 137.j
Without extending the argument we adopt the views expressed by this court in the case of De Groot v. United States, (5 Wall., 432,) decided at the last term, that when the United States is plaintiff and the defendant has pleaded a set-off which the acts of Congress have authorized him to do, no judgment can be rendered against the government, although it may be judicially ascertained thaf;, on striking a balance of just demands, the government is indebted to the defendant in an ascertained amount.
Comment upon the other authorities presented by the claimant is unnecessary, as.we are fully satisfied that those to which we have referred give the correct rule of law upon the subject.
Judgment reversed.