Peck, J.,
dissented.
*310 Subsequently at Chambers the claimant moved for a rehearing. The following are the motion-papers, and the opinion filed by the judge at Chambers, disposing of this motion:
“In this case the counsel of petitioner respectfully asks that the court may grant a rehearing and set aside the judgment pronounced herein on the 7th May, 1877, and in support of this ' application the following suggestions are presented:
“ The petitioner claimed $345.76 balance of salary due his decedent as a clerk in theDepartment of the Interior. To this defendants pleaded in offset that petitioner was at the date of his death, 20th April, 1876, indebted to them in the sum of $5,000, to which the petitioner, by way of replication, said that on 27th February, 1869, defendants brought suit in the Supreme Court of the District of Columbia against petitioner’s decedent for the, money set up in the defendants’ plea of offset, and on 14th April 1873, judgment went in favor of petitioner’s decedent. To this replication defendants put in a rejoinder denying the fact, and on this issue the parties went to trial.
“The burden of proof was on the petitioner, who showed by a record from the supreme court of the District of Columbia, in a suit in which defendants were plaintiffs and petitioner’s decedent and the sureties on his official bond were defendants, that the same claim, now offered in set-off, had been then set up against them; that they had pleaded: 1st, mow est factum; 2d, no cause of action within five years; 3d, nil debet; 4th, set-off of $ — ■——, and that the jury found a verdict ‘in favor of the defendants,’ whereupon the court gave judgment ‘ that the plaintiff’ (the United States) ‘take nothing by its suit, and the defendants’ (petitioner’s decedent and his sureties) ‘ go without day.’
“The meaning of the verdict was that all the issues were found in favor of the petitioner’s decedent. What is the meaning of this in law? It clearly means that the United States recover nothing from the defendant in that case, and that the plea of set-off is sustained. But as in a case where no recovery is had by the United States no judgment against them on a plea of set-off can be given, therefore the Supreme Court of the District of Columbia gave no judgment on the plea of set-off against petitioner’s decedent. The case of Tillou, as decided by the Supreme Court of the United States, (6 Wall., 484, and 7 C. Cls. B., 18,) is precisely in point. In that case Tillou was one of the *311 executors of Eckford, who had been surety on the bond of Swart-wout, collector of the port of New York. Tillou set up various pleas, and among them set-off. The verdict was for the defendant, and the, jury found a fixed sum in his favor against the United States, for which Tillou sued in this court, where it was allowed, but the Supreme Court held that such a judgment against the United States was a nullity.
Tillou’s case was decided in the United States Supreme Court at December term, 1867.
The case of petitioner’s decedent was tried in the Supreme Court District of Columbia, in April, 1873, and with the former' as precedent before it, the United States recovering nothing, there could be no judgment of offset against them.
If this be the correct view of the matter, as we insist it is, it would be a vain thing for us to look for proofs of what the jury decided, when that matter is set at rest by the record we have before us.
We respectfully ask, therefore, that the court will revise the judgment ordering this case back to the general docket, and give judgment in favor of petitioner.
May 14, 1877.
DUBANT & HOBNOB,
For Petitioner.
At Chambers, July 2,1877.
Nott, J.,
filed the following opinion:
The claimant moves for a rehearing, and to set aside an order remanding this case to the trial docket for further evidence. The point upon which it is thought the court erred was a point presented at the trial and considered in the disposition .of the case. Where there has been no oversight or misapprehension, in the nature of a mistake of fact, a decision upon a point must be regarded as final by the court unless one of the judges who joined in rendering the judgment complained of should desire a re-argument after examining the grounds upon which it is asked. In that event the motion presented in the first instance at chambers will be sent to the law docket for hearing. If no member of the court desire to have the motion heard, it will be denied at chambers.
I have accordingly submitted the claimant’s motion to those *312 of tbe judges wbo are present, and am authorized to say that none desire a re-argument of the case. The other judges before whom the ease was heard being absent from the city, the motion cannot be submitted to them now. The claimant must elect whether he will proceed during the vacation to take further evidence, or to resubmit this application for a rehearing at the November sittings.