Nott, J.,
delivered tlie opinion of tlie court:
From August 21, 1806, when be was appointed, to April 20, 1869, wlien be was removed, tlie claimant’s intestate, Peter Lammond, was a cleric of tbe first class in tbe Treasury Department, at a salary of $1,200 a year. At tbe time of bis removal tliere remained due to him a balance of bis salary, amounting in fact to $390.07, thoiigh tbe petitioner alleges it to have been only $345.76. But Mr. Lammond bad jueviously been a disbursing clerk in tbe Interior Department, andón tbe 26th February, 1869, á suit bad been brought against him and bis sureties on his bond to recover a deficit of $4,383.55. Mr. Lam-mond, as defendant in that suit, pleaded non est factum, nil debet, and a set-off. The subject of tlie set-off there set up was the cause of action now sued upon, viz, the salary due to him from tbe government. On the trial, the jury found a general verdict in bis favor.
Subsequently Mr. Lammond died, and bis administrator brought tbe present action in this court. The government lias pleaded tbe general issue, and has set up by way of set-off or as a counter-claim tbe same alleged indebtedness of Lammond as disbursing officer. Both parties, in a measure, have relied upon tbe judgment in tbe former suit: the claimant, to establish by the estoppel of record that Lammond was not indebted to tbe government as disbursing officer; tbe defendants, to show that tbe cause of action now sued upon was used by tlie claimant’s intestate as a set-off, and in that way absorbed in tbe former action.
It is evident that if, in that action brought upon an official bond, the verdict of tbe jury went upon tbe plea of non est factum, nothing was determined which would avail either party in this suit. On tbe one band, Lammond might have been indebted to tbe government, though no bond bad been executed; on tbe other, a verdict for him upon that plea would not include or affect tbe then set-off, the present cause of action. It was therefore decided at a former bearing of this case (12 C. Ols. B., 305) that, as it could not be determined by an inspection of tbe record whether tbe verdict that tbe plaintiff take nothing and tbe defendants go without day went upon tbe plea of non est factum, nil debet, or set-off, evidence aliunde tbe record was necessary to show tbe matters ivhicli were submitted to and *251 passed upon by tlie jury. The case was accordingly remanded for that purpose.
It now comes to a second hearing upon such evidence. It appears from this evidence that the bond of Lammond upon which the former suit was brought was produced before the jury and the handwriting of the obligors proven. > It also appears that the evidence was given by him under the plea of nil debet. And again it appears that no evidence upon the plea of set-off was offered by him or by the other defendants, and that it was not allowed to go to the jury. In a word, the general verdict in favor of Lammond under the conditions of the case could only have been rendered upon the plea of nil debet; and, therefore, it must be presumed that that issue alone was the subject of controversy submitted to and passed upon by the jury. It is by no means clear that the matters put in evidence under that plea constituted a defense to the action; but as the government did not review the rulings of the judge before whom the case was tried, the sufficiency of the evidence cannot now be inquired into, and the presumption is that the government rested content with the verdict. That verdict, so long as it stands, would establish the fact, as between ordinary suitors, that the defendants there owed nothing to the plaintiff upon the transactions between them incidental to his office of disbursing officer.
While there are cases in which it may be questioned whether the government will be concluded, like an ordinary corporation, by an estoppel in pais, and while there are varying decisions as to whether the government will be concluded like an individual by an estoppel by deed (Bigelow on Estoppel, 246, and cases cited), it has never been doubted, so far as we know, that it, like ordinary suitors, is subject to the principle of res judicata. By the case of The United States v. The Bank of the Metropolis (15 Pet., 377) it was settled that when the government becomes a party to commercial paper, it must be held to the same diligence and be bound by the same principles of the law merchant that would govern individuals. In the case of The United States v. The State Bank of Boston (96 D. S., 30) the Supreme Court went still further, and held that the rules of law applicable to individuals are to be applied to the government in courts of justice, if its sovereignty be in nowise involved. In Tillou’s Case (6 Wall., 484, 7 C. Cls. R., 18) the Supreme Court con *252 ceded in effect that the government would have been concluded by a former verdict offered in evidence if the court wherein the verdict was rendered had had jurisdiction to render a judgment against the government on the verdict. In Lands Case (8 Wall., 185, 7 C. Cls. R., 97) the Supreme Court again conceded that a decree against the government in a court of admiralty might conclude it in another suit in another court. And in O'Grady's Case (22 Wall., 641, 10 R. Cls. R., 134) the Supreme Court expressly held that a judgment of this court from which no appeal had been taken was conclusive rip on the government, and that the government could not subsequently assert a lien upon the subject-matter of the former action which by ordinary rules of pleading should have been then asserted as a matter of defense.
For these reasons we are of the opinion that wdien the government voluntarily goes into a court of justice as a plaintiff, its litigation, like that of other suitors, is subject to the general principle that there must be an end of litigation, and that the defendant, whom it impleads against his will and subjects.to the risks and costs of litigation, may subsequently invoke, like other defendants, the maxim Nemo debet Ms vexarijpro %ma eadem causa.
The judgment of the court is that the claimant recover of the defendants the sum of $345.76; and that the defendants’plea of set-off or counter-claim be dismissed.