[No. 6,607.—Department One, and in Bank.]

## PEOPLE (BY THE BOARD OF STATE PRISON DIRECTORS) *v.* M. MILES ET AL.

STATE OF CALIFORNIA—ACTION.—The State cannot be sued directly or indirectly, as by setting up a counter-claim or set-off, nor can any judgment be entered against the State, except when the same is permitted by statute.

APPEAL—COSTS.—The transcript being voluminous, the appellant not allowed his costs.

APPEAL from a judgment, and order denying a new trial, in the Sixth District Court, Sacramento County. DENSON, J.

The action was brought against Miles as principal, and the other defendants as sureties, upon a bond executed by them for the faithful performance of a contract to build the branch State prison at Folsom. The complaint alleged a breach of the contract. The answer sets up a counter-claim for certain extra work, and judgment was entered against the plaintiff for the amount of said counter-claim.

*Attorney-General*, and *P. Dunlap*, for Appellant.

*Curtis & Clunie, Creed Haymond*, and *D. W. Welty*, for Respondent.

McKINSTRY, J.:

We are confronted by a transcript 1221 folios long, consisting, in great part, of the short-hand reporter's notes in full, etc.

The Court below rendered judgment in favor of the defendant Holmes against the plaintiff. It would seem to be hardly necessary to cite authorities to the proposition, that a State cannot be sued in her own State, directly nor indirectly, as by setting up a counter-claim or set-off; nor can any judgment be

recovered against the State, except when the same is permitted by express statute. (*Raymond* v. *State.* 54 Miss. 562; *Chevallier* v. *State*, 10 Tex. 315; *United States* v. *Eckford*, 6 Wall. 484, *et mult. als.*)

The cases cited by the respondent do not sustain his position. *United States* v. *Eckford*, relied upon by him, holds, that when certain credits were pleaded, as allowed by statute, no judgment could be rendered against the United States, even although it should be judicially ascertained that the Government was indebted to the defendant.

Judgment and order reversed, and cause remanded for a new trial; appellant to recover no costs.

MORRISON, C. J., and ROSS, J., concurred.

Subsequently to the filing of foregoing judgment and opinion, the Court in Bank made the following judgment:

By the COURT:

Respondents' petition that this cause be heard in Bank calls to our attention the fact that the Attorney-General confined himself (in his points) to the discussion of the proposition, that the judgment against the State was erroneous and against law, because " the law of set-off is not applicable to demands by the State against an individual." The only additional point made by assistant counsel for the People was, that there was no assignment of the counter-claim or set-off alleged in favor of defendant Miles to the defendant Homes. Our own examination of the record has not discovered any error, except that the Court below attempted to give judgment against the State. Under these circumstances, the judgment of Department One should be modified.

It is ordered, adjudged, and decreed, that the judgment of Department One of this Court be modified by striking therefrom that portion thereof which orders a new trial herein, and by inserting instead thereof, that the Court below be directed to enter a judgment herein in favor of defendant Holmes, and against the plaintiff—that plaintiff has no cause of action against defendants, or either of them—without costs.