### No. 1120.

#### THE STATE OF LOUISIANA vs. W. W. BRADLEY ET AL.

A married woman cannot bind herself as surety for her husband.

A sheriff and *ex-officio* tax collector is not entitled to deduct from amounts due the State for taxes and licenses and collected by him, the cost of deeds and copies charged to the State, in cases of purchases of lands sold for taxes and bought by the State. In the absence of any law on the subject, the court cannot permit the deduction or charge or direct the allowance. Such a demand is reconventional in character and is not pleadable against the State.

The conclusions of a district judge in the adjustment of claims between litigants involving accounts running through several years, will not be disturbed on appeal, where the same appear to be correct on their face and the aggrieved party has failed clearly to show error and injury.

APPEAL from the Twenty-seventh District Court Parish of West Carroll. *Williams*, J.

---

*Absent during this term on account of sickness.

*M. J. Cunningham*, Attorney General, and *P. H. Toler*, District Attorney, for Plaintiff and Appellee.

*H. P. Wells* for Defendants and Appellants.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   This is an action against the sureties of a defaulting sheriff, as tax collector, to recover $7635.34 with interest; restricting the liability of each to the amount for which the bond was signed by him.

The defense implies an acknowledgment of the claim, but sets up, for the main portion of it, payment, purchases of lands by the State, the return of blank licenses and of delinquent lists, also counter claims. It besides sets forth error in the accounts sued on by the State, which cover the space of five years.

There was judgment for the State to the extent of about $3700 with interest as specified, limiting the liability of the sureties, to the amount for which they respectively bound themselves in the bond.   The demand of the State was rejected, as regards the widow of the delinquent tax collector, who had also signed the bond.

The sureties condemned have appealed and the State has asked an amendment of the judgment so as to recover the full amount claimed.

The judgment relieving the wife as surety of her husband, is fully sustained by the law, which prohibits such suretyships.   The acceptance of such bond is censurable.

The appellants specially complain that the lower court made no allowance for an *item* of $748.15, which the tax collector was entitled to recover from the State, for deeds and copies to property sold for taxes and bought in for the State.

We have been referred to no authority which authorizes such a charge and we know of none, which can justify its deduction from the revenues of the State, at the time of payment into the treasury.

The claim is in the nature of a reconventional demand, which is not pleadable against the State and cannot be sustained.

In the case of State vs. Barrow, Manning's Unrep. Cases, p. 332, this Court has had occasion to consider and determine an analogous question, involving the right to fees of an attorney employed for the State.

It then held that, where the law has not fixed the rate of an attorney's commission and no rate has been agreed on with the auditor, under a law authorizing that officer to fix the rate, the court would not make the allowance, which was within the provision of the legislature.

So say we, in the present controversy. If the defendants, in the name of their defaulting principal, are entitled to a credit for the cost of the deeds and copies issued to the State, they must address them selves to another department of the State government.

A part of the matters of fact involved in this litigation, was referred to experts whose report is in the transcript.

The district judge, before whom the case was developed and who passed upon it, took particular pains to examine critically the claims and counter claims of the litigants and, in a written opinion which commands itself to approval, has reached the conclusion that the State was entitled to recover in part.

We have followed him in his operations and are satisfied that his allowances and disallowances are correct and have done substantial justice between the parties.

We deem unnecessary to consider expressly the various bills of exceptions taken by the State, further than to say that we have given them full attention and find that they present no merit. Even if well founded, the State would not be materially benefitted thereby.

Judgment affirmed with costs.

FENNER, J., absent during the argument, takes no part.