# COMMONWEALTH v. PHILADELPHIA COMPANY.

APPEAL BY COMMONWEALTH FROM THE COURT OF COMMON PLEAS OF DAUPHIN COUNTY.

Argued June 2, 1891—Decided October 5, 1891.

(*a*) A patentee, in consideration of stock issued to him by a corporation, agreed to furnish to it, for use in its business within a certain county, the manufactured articles covered by his patents, to permit it to control the sale thereof within said county, and not to sell them himself to any persons or company doing business therein:

1. The contract was an agreement about goods and nothing more, the patentee not selling his rights as an inventor, but his goods as a manufacturer and owner, finished and ready for use. Wherefore, the stock issued to him was not invested in patent rights, and was not exempt from taxation by the state: Commonwealth v. D. & P. Teleg. Co., ante, 121.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 25 May Term 1891, Sup. Ct.; court below, No. 32 January Term 1891, C. P.

Decision of Court below.

On September 25, 1890, the Philadelphia Company filed its appeal from, and specification of objections to an account settled against the company by the auditor general and state treasurer, for tax on capital stock for the year ending the first Monday of November, 1889, under § 4, act of June 7, 1879, P. L. 114, and § 21, act of June 1, 1889, P. L. 429.

The case was tried on November, 25, 1890, without a jury, upon a submission under the act of April 22, 1874, P. L. 109; and on January 5, 1891, the court, McPHERSON, J., filed the following decision:

### FINDINGS OF FACT.

1. The defendant is a Pennsylvania corporation. Its charter was not given in evidence, and we are not able, therefore, to find specifically what are its corporate powers. It appears, however, that its principal place of business is in the county of Allegheny; that it is engaged in the business of furnishing natural gas to those who may desire it, and that it was organized as a corporation before July, 1885.

2. Its capital stock is $7,500,000, and of this amount two fifteenths, or $1,000,000 thereof, was issued in payment for certain rights under letters patent granted by the United States, which rights were transferred to it by three several agreements dated July 31, 1885, October 8, 1888, and October 10, 1888.[1] These agreements are made part of this finding.

3. At the time of their purchase, the rights under said patents were, and still are, necessary for the actual corporate purposes of said company, to enable it to successfully conduct the said business of furnishing natural gas to those who may desire it. They were, and are, fairly worth the said price paid for them; and constitute in actual value not less than two fifteenths of all the property and assets represented by the entire capital stock of the defendant.[2]

4. During the tax year ending the first Monday of November, 1889, the defendant declared dividends amounting to ten per cent upon the capital stock of $7,500,000. This settlement taxes the whole capital stock at the rate of five mills under the revenue acts of June 7, 1879, P. L. 112, and June 1, 1889, P. L. 420.

5. The defendant has paid to the state treasurer the sum of

$32,500 on account of said tax, leaving in dispute the sum of $5,000, being the tax upon the capital stock invested as above stated in the said rights under the said letters patent.

CONCLUSIONS OF LAW.

The question here raised has been already decided by this court. In Commonwealth v. Gas Imp. Co., 7 Pa. C. C. R. 116, we held that capital stock invested in patents granted by the United States was not taxable by this state; and in Commonwealth v. Brush Elec. Light Co.,* Nos. 195 September Term 1889, and 443 September Term, 1890, that capital stock invested in territorial rights under such letters patent was similarly exempt. We refer to these cases for the reasoning which supports the following conclusion:

1. The capital stock of defendant, viz., $1,000,000, invested in the said rights under said letters patent, is not taxable by the said revenue acts of 1879 and 1889.[3]

The prothonotary is directed to enter judgment in favor of the defendant, if exceptions are not filed according to law.

—The agreement of July 31, 1885, made a part of the findings of fact, after reciting the ownership by George Westinghouse, Jr., of certain patents and of inventions for the patenting of which applications were pending, granted to the defendant company,

"Its successors and assigns, the sole and exclusive right within and throughout the county of Allegheny, in the state of Pennsylvania, to make and use and to grant to others the right to make and use each and all of the inventions or improvements described and claimed in said recited patents as already granted, and in the patents yet to be granted on said recited applications, to the full end of the respective terms thereof; and, also, a right and license to use any or all said recited inventions or improvements on and along any line or lines of pipe which it, the said the Philadelphia Company, its successors or assignors, may lay, put down, own or operate, leading from any natural gas well, in any county adjoining or adjacent to the said county of Allegheny, into said Allegheny county, for supplying natural gas to consumers or users thereof in said Allegheny county.

---

* See Commonwealth v. Elec. Light Co., post, 147.

" The terms, conditions and limitations subject to which the foregoing grant is made are as follows :

" 1. The said the Philadelphia Company, its successors and assigns, shall not sell any of the said patented apparatus for use outside of the county of Allegheny aforesaid, nor in any way authorize any use thereof outside of said county of Allegheny, except on and in connection with its own lines of pipe as above licensed.

" 2. The said George Westinghouse, Jr., hereby reserves to himself, his legal representatives and assigns, the right to make or procure the making of any or all the said patented apparatus within said county of Allegheny, and to sell the same for use outside of said county, but not for use within said county."  •

The right so granted was extended by the agreement of October 8, 1888, so as to permit the defendant to use said inventions and improvements on and along any line it might operate leading from any source of gas supply outside of Allegheny county into said county.  The agreement of October 10, 1888, granted to the defendant the right to use, etc., the inventions and improvements described in certain additional patents, upon the same terms and conditions specified by the agreement of July 31, 1885, as modified by the agreement of October 8, 1888.

To the foregoing decision, exceptions were filed by the commonwealth, specifying that the court erred in the second and third findings of fact;[1][2] in the conclusion of law;[3] and in not entering judgment for the full amount of the commonwealth's claim,[4] were overruled by the court, McPherson, J., on April 2, 1891, and judgment entered for the defendant. Thereupon the commonwealth took this appeal, assigning for error :

1–4. The overruling of the commonwealth's exceptions.[1 to 4]

*Mr. James A. Stranahan*, Deputy Attorney General, (with him *Mr. W. U. Hensel*, Attorney General,) for the Commonwealth.

*Mr. M. E. Olmsted*, for the appellee.

OPINION, MR. JUSTICE WILLIAMS :

The business of the appellant is the production, transporta-

tion, and sale to customers of natural gas in Allegheny county, with its office in the city of Pittsburgh.   George Westinghouse, Jr., was the inventor of certain appliances to regulate and facilitate the transportation, supply, and combustion of gas, which the appellee desired to make use of in its business.   It accordingly entered into an agreement with Mr. Westinghouse for what is described in the agreement as a " grant of license " for the exclusive use of his patents in the county of Allegheny, in consideration for which it agreed to give him shares of its capital stock amounting, at the face value, to one million dollars.   This exclusive " grant of license " was upon certain conditions that limited the operation of the grant.   Among these was one prohibiting the grant under it of any right outside of Allegheny county.   Another reserved to Mr. Westinghouse, his representatives and assigns, the right to " make, or procure the making, of any or all the patented apparatus " to be used under the grant.   Stripped of its verbiage, the agreement required Mr. Westinghouse to furnish the Philadelphia Co. his inventions, enumerated therein, for use in their business to whatsoever extent the company might require them.   It required him to refuse them to all other persons or companies doing business in Allegheny county.   The company thus secured the exclusive use of the manufactured apparatus or machines in that county.   Mr. Westinghouse retained his patents, the right to manufacture or control the manufacture of the machines used by the Philadelphia Co., and his original exclusive right to make, sell, or use outside of Allegheny county.

The question raised on these facts is whether the stock used, instead of money, to pay for the right to use, by themselves, their lessees or vendees, the manufactured apparatus made under protection of the enumerated patents, in the county of Allegheny, was invested in patent rights, and therefore exempt from the capital-stock tax imposed by the commonwealth.   It will be seen, by reference to the contract and the findings of the court below, that the subject-matter of the sale or license by Westinghouse was not his patents, but his machines or apparatus, manufactured and ready for the trade.   He did not sell his right as an inventor, but his goods as a manufacturer and owner, finished and ready for use.   True, he agreed to sell

to no one else in the county, and to allow the company to control the sale within the county lines, just as a manufacturer of a particular brand of cloth or leather might agree to do with a customer in the same county, who wished to control the trade therein; but this was an agreement about goods, and nothing more. This case is ruled by Commonwealth v. D. & P. Teleg. Co., ante, 121, in which an opinion is this day filed. It is unnecessary to repeat what was then said upon the questions involved. We adopt the reasons given for the decision in that case as part of this opinion.

> The judgment is reversed, and judgment is now entered in favor of the commonwealth against the Philadelphia Company for the sum of $5,000, with interest.