# Commonwealth, Appellant, *v.* Philadelphia Company.

*Taxation—Patent rights—Corporations.*

The capital stock of a corporation, issued for patent rights merely, and not for tangible property or goods manufactured under such patent rights, is not taxable by the commonwealth. Com. v. Philadelphia Company, 145 Pa. 142, distinguished.

Argued May 30, 1893. Appeal, No. 12, May T., 1893, by plaintiff, from judgment of C. P. Dauphin Co., Sept. T., 1891, No. 395, for defendant. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL, DEAN and THOMPSON, JJ.

Appeal from tax settlement. Before McPHERSON, J.

The facts appear by the opinion of the Supreme Court.

Trial without jury; judgment for defendant; plaintiff appealed.

*Error assigned* was entry of judgment.

*James A. Stranahan,* deputy attorney general, *W. U. Hensel,* attorney general, with him, for appellant, cited: Com. v. Phila. Company, 145 Pa. 142; Com. v. Westinghouse El. & Mfg. Co., 151 Pa. 265; Com. v. Westinghouse Air Brake Co., 151 Pa. 276; Patterson v. Kentucky, 97 U. S. 501; Webber v. Virginia, 103 U. S. 344; People v. American Bell Telephone Co., 29 Am. & Eng. Corp. Cases, 616.

*M. E. Olmsted,* for appellee, cited: Com. v. Phila. County, 145 Pa. 142; Com. v. Westinghouse El. & Mfg. Co., 151 Pa. 265; Com. v. Air Brake Co., 151 Pa. 276; Jamison v. Collins, 83 Pa. 359; Lee v. Keys, 88 Pa. 175; Brown v. Dempsey, 95 Pa. 243; Com. v. R. R., 104 Pa. 89; Bradlee v. Whitney, 108 Pa. 362; R. R. v. Moyer, 125 Pa. 506; Com. v. Hulings, 129 Pa. 317; Com. v. D. & P. Tel. Co., 145 Pa. 121.

OPINION BY MR. JUSTICE GREEN, October 2, 1893.

We think the learned court below was entirely correct in its disposition of this cause.

The third finding of fact was in the following words: " The defendant did not receive either under the agreement above referred to or in consideration of the $1,000,000 of capital stock issued in pursuance thereof, any manufactured apparatus or tangible property whatsoever, nor the use of such property, whether of the kind or description authorized to be made under said patents, or of any other kind or description. The only consideration for which the said $1,000,000 of capital stock was issued was the exclusive right under said patents to the defendant to make and use, or license to be made and used, the inventions covered by said patents within the territory specified in said agreements. All the apparatus covered by said patents which has been at any time used by the defendant has been manufactured by itself or by others whom it has authorized to manufacture, and none of said apparatus has been obtained from the grantor in the said agreements either under said agreements or in any other way."

When this case was here before, 145 Pa. 142, it was decided upon the specific ground that it was not the patents but the machines and apparatus of the patentee that were sold to the defendant company. Our Brother WILLIAMS said, in the opinion: " It will be seen by reference to the contract and the findings of the court below, that the subject-matter of the sale or license by Westinghouse was not his patents, but his machines or apparatus, manufactured and ready for the trade. He did not sell his right as an inventor, but his goods as a manufacturer and owner, finished and ready for use." And because it was not the patents but tangible property that was sold, we held the whole of the capital stock was taxable and declined to exempt the $1,000,000 of stock transferred to Westinghouse.

On the hearing of the case at this time in the court below additional testimony was introduced which resulted in the third finding of fact above stated, and the evidence justified the finding. The contracts themselves clearly provide only for the transfer of intangible rights and not for tangible property, and the uncontradicted affidavit of the treasurer of the defendant company shows that no manufactured apparatus or tangible property of any kind was transferred to the defendant by the patentee. This being so the case comes directly within the decisions which hold that no tax can be imposed by state laws

upon patent rights granted by the United States : Com. v. Westinghouse Electric & Manuf. Co., 151 Pa. 265 ; Com. v. Air Brake Co., 151 Pa. 276.

Judgment affirmed.

See also the next case.

