## UNITED STATES v. GILLIES.

### (Circuit Court, E. D. New York. March 20, 1906.)

**1. UNITED STATES—ACTION BY—RECOVERY ON COUNTERCLAIM.**

In an action by the United States to recover an alleged debt, the defendant cannot recover an affirmative judgment against the government on a counterclaim, although it may be determined that there is a balance due him.

[Ed. Note.—For cases in point, see vol. 47, Cent. Dig. United States, § 118.]

**2. LIMITATION OF ACTIONS—SUSPENSION OF RUNNING OF STATUTE—PENDENCY OF COUNTERCLAIM.**

Limitation does not run against an action on a claim during the pendency of an action against the claimant, in which such claim is pleaded as a set-off, which action is eventually discontinued by the plaintiff.

[Ed. Note.—For cases in point, see vol. 33, Cent. Dig. Limitation of Actions, § 515.]

On Motion by Plaintiff to Discontinue.

Wm. J. Youngs, U. S. Atty., Thomas Ives Chatfield and Clifford M. Tappen, Asst. U. S. Attys.

Edwin C. Low, for defendant.

THOMAS, District Judge. To the demand asserted by plaintiff herein the defendant interposed a counterclaim. Upon a motion to discontinue the defendant insists that:

"It would * * * work great hardship and damage upon the defendant to allow said plaintiff to now discontinue, for the reason that the counterclaim * * * occurred more than six years ago and consequently a new action could not now be maintained by him, as same would be barred by the statute of limitations."

The defendant has a right to use a sufficient portion of his alleged demand against the United States to offset any indebtedness proved against him, but cannot recover an affirmative judgment for the balance. De Groot v. United States, 5 Wall. 431, 18 L. Ed. 700; United States v. Eckford, 6 Wall. 484, 18 L. Ed. 920; People v. Dennison, 84 N. Y. 272.

In United States v. Eckford, supra, Mr. Justice Clifford said:

"We adopt the views expressed by this court in the case of De Groot v. United States * * * that, when the United States is plaintiff and the defendant has pleaded a set-off, which the acts of Congress have authorized him to do, no judgment can be rendered against the government, although it may be judicially ascertained that, on striking a balance of just demands, the government is indebted to the defendant in an ascertained amount."

In People of the State of New York v. Dennison, supra, Rapallo, J., said:

"A defendant sued by the government may, under the statute referred to, and on complying with its conditions, give in evidence any counterclaim or credit he may have in his own right, and which is a proper subject of set-off, whether arising out of the transaction on which he is sued or an independent transaction (U. S. v. Wilkins, 6 Wheat. 135, 5 L. Ed. 225); but it is now well settled that such counterclaim is available only to the extent

necessary to defeat the claim of the government, and that no judgment can be recovered against the government for the excess, should there be any (Reesid v. Sec. of Treas., 11 How. 272, 13 L. Ed. 693)."

But the government is not obliged to continue the action and establish a claim against the defendant, to enable the latter to extinguish it. It is no advantage to the defendant to consume unnecessarily a portion of his alleged lawful and collectible demand against the United States, which the latter prefers not to assert. But the defendant needlessly fears that during the pendency of this action the statute of limitations has run against his counterclaim. Section 412 of the New York Code of Civil Procedure provides:

"Where a defendant in an action has interposed an answer, in support if which he would be entitled to rely, at the trial, upon a defence or counterclaim then existing in his favor, the remedy upon which at the time of the commencement of the action, was not barred by the provisions of this chapter; and the conplaint is dismissed, or the action is discontinued, or abates in consequence of the plaintiff's death; the time which intervened, between the commencement and the termination of the action, is not a part of the time, limited for the commencement of an action by the defendant, to recover for the cause of action so interposed as a defence, or to interpose the same defence in another action brought by the same plaintiff, or a person deriving title from or under him."

The statute was not necessary to save the defendant's set-off. Am. & Eng. Enc. of Law (2d Ed.) vol. 19, pp. 181, 182, and cases there cited.

The motion to discontinue is granted.