REPUBLIC OF HAITI, Plaintiff, *v.* ARPAD PLESCH et al., Defendants, and BANQUE NATIONALE DE LA REPUBLIQUE D'HAITI et al., Impleaded Defendants.

Supreme Court, Special Term, New York County, October 3, 1947.

*Adolph A. Berle, Jr.,* and *Robert H. Seabolt* for plaintiff.

*Albert R. Connelly* for Arpad Plesch and another, defendants.

PECORA, J. Plaintiff, the Republic of Haiti, moves to dismiss the counterclaim interposed by defendants Plesch and Societe Haitienne de Banque et de Placement (hereinafter called SOHA) upon the ground that this court has no jurisdiction over it with respect to such counterclaim, because plaintiff is a sovereign State and claims immunity from suit.

This action was commenced by plaintiff to obtain a declaratory judgment as to its rights in certain securities (listed in schedule A annexed to the complaint) which formerly belonged to Plesch and SOHA, but which had been nationalized by virtue of various decrees of the Republic of Haiti. The complaint alleges that these securities came into possession or under control of plaintiff before the commencement of this action. Suit was necessary because Plesch and SOHA, who were the owners of the securities before their nationalization, continued to assert title to them and by giving notice of their claim to the other defendants and various financial institutions, prevented plaintiff from transferring or otherwise disposing of those securities.

The complaint prays that the plaintiff be adjudged the owner of such securities, and that the issuer and transfer agent of the securities be directed to recognize plaintiff as the owner thereof.

The amended answer of defendants Plesch and SOHA sets forth a cross claim and counterclaim relating not only to the securities listed in schedule A of the complaint, but also to other securities to which it is alleged plaintiff asserts ownership under its nationalization decrees.

The question presented is whether the defendants may plead such counterclaim against plaintiff, a sovereign State. The general rule as to immunity of a sovereign State is stated in *Lamont* v. *Travelers Ins. Co.* (281 N. Y. 362, 368) where the court said: "The courts of this State cannot adjudicate any controversy to which a foreign sovereign government is a necessary party unless the foreign government, as a suitor, asks our courts to enforce some right claimed by the foreign government or, voluntarily, submits to our courts for adjudication a claim which another makes against it."

It is well settled that a sovereign State, by commencing an action in our courts, does not thereby waive its immunity so as to permit any of the parties to the action to assert counterclaims against it (*People* v. *Dennison*, 84 N. Y. 272; *Republic of France* v. *Pittsburgh S. E. Co.*, 112 Misc. 688; *French Republic* v. *Inland Nav. Co.*, 263 F. 410; *Kingdom of Roumania* v. *Guaranty Trust Co.*, 250 F. 341).

To the extent that a counterclaim seeks an adjudication of title to the precise property which is the subject of a sovereign State's action, a court has jurisdiction to entertain it (*Irish Free State* v. *Guaranty Safe Deposit Co.*, 126 Misc. 269, 129 Misc. 551, 229 App. Div. 755; *Porto Rico* v. *Ramos*, 232 U. S. 627). However, here, for the most part, the counterclaim seeks an adjudication of title and relief with respect to other property in addition to that which is made the subject of the complaint. Insofar as the property involved in the complaint is concerned, a counterclaim would be proper. The inclusion in the counterclaim of other property, however, removes this case from the exception above stated.

Another exception to the general rule is that where the counterclaim arises out of the same transaction upon which plaintiff bases its claim, a defendant has a right of setoff (*United States* v. *National City Bank of New York*, 83 F. 2d 236, certiorari denied 299 U. S. 563). However, defendants' counterclaim here neither arises from the same transaction nor is it a setoff. Each party is seeking a declaratory judgment and equitable relief directing various banks, respectively, to turn over to them specifically different property or the proceeds thereof.

The argument of defendants, in reliance on the *Lamont* case (*supra*) that the claim of plaintiff to sovereign immunity cannot be recognized until proof thereof is established in the courts is untenable. In the *Lamont* case Mexico was not a party to the action. It asserted, however, that it was an indispensable party. The ruling there was that a mere bare assertion of a claim was not sufficient until some proof of interest was presented. Such rule can have no application here since the Republic of Haiti is already a party. The doctrine of the *Lamont* case might have been invoked if defendants had brought independent suits against the other defendants and the impleaded defendants without making the Republic of Haiti a party. Even then it would be quite apparent that the Republic of Haiti was a necessary party.

The motion to dismiss the counterclaim is granted without prejudice to the commencement of an independent action against the impleaded defendants with respect to securities not listed in the complaint, and without prejudice to service of an amended answer which may contain a counterclaim directed solely to the securities listed in the schedule annexed to the complaint. Settle order.