ISAAC H. ARTHUR and others vs. FERDINAND WILLIUS and others, impleaded, etc.

October 28, 1890.

Corporation—Winding-up Action—Enforcement of Stockholders' Individual Liability.—In an action against a corporation under Gen. St. 1878, c. 76, the individual liability of stockholders for the corporate debts may be enforced upon the application of any creditor who is a party to the proceedings, although the complaint of the judgment creditor who instituted them did not demand any such relief.

Same—Failure to Join or Serve All Stockholders—Waiver of Objection.—If all the stockholders are not joined as parties to the proceedings, the defect is waived if objection is not taken by answer or demurrer; and if any of the stockholders joined as parties are not served or brought into court, the defect is waived if the others go to trial on the merits without applying to have the cause stayed until their associates are brought in.

Same—Constitutional Exemption from Liability—Corporations not for Manufacturing Exclusively.—Only those corporations come within the exception in section 3, art. 10, of the constitution of the state which are organized for the purpose, as stated in their articles of association, of carrying on an exclusively manufacturing business; and if the purposes, as stated in the articles, are to carry on both a manufacturing business and also other kinds of business, not properly incidental to or necessarily connected with the manufacturing business, the fact that the corporation never actually engaged in such other kinds of business will not bring it within the exception referred to.

The Merchants' National Bank of St. Paul and the firm of Auerbach, Finch & Van Slyck, creditors of the defendant corporation, each

brought an action against it and certain of its shareholders to compel payment of the amount due from such shareholders on their stock. A demurrer to the complaint in the former suit is reported, 34 Minn. 323. Thereafter, and while those cases were pending, the plaintiffs herein, judgment creditors of the defendant corporation, brought this action on behalf of themselves and all other creditors of the company against the corporation and its shareholders and the creditors above named, the complaint alleging that the shareholders joined as defendants were all the shareholders in the company, which averment was admitted in the answer of the appellant shareholders. The complaint stated that the action was brought under Gen. St. 1878, c. 76, prayed that the pending suits by creditors be perpetually enjoined; for the appointment of a receiver; that the court direct notice to be given requiring all creditors to exhibit their claims within a designated time; that the court ascertain and compel payment of the amount unpaid on the stoc~~~~~1 by the defendant shareholders; that the court cause the pr~~~~~ of the unpaid stock subscriptions and of all the property of~~~~~company to be distributed ratably among the creditors, with a prayer for general relief. The complaint did not allege any liability of any of the defendants except on their stock subscriptions, nor did it specifically ask the enforcement of any other liability. The defendants Ferdinand and Gustav Willius answered, alleging that but $92,000 of the $100,000 capital stock of the company was ever subscribed, and that until the company failed, on November 15, 1882, they believed the entire capital had been subscribed before the company began business. They also put in issue the amount of the company's indebtedness as alleged in the complaint, and denied any information as to its indebtedness to the defendants the Merchants' National Bank and Auerbach, Finch & Van Slyck. These defendant creditors answered the complaint, setting forth their claims against the company. The bank made the company's articles of incorporation part of its answer, and joined in plaintiffs' prayers for relief (except its prayer for an injunction.) The defendants Auerbach, Finch & Van Slyck also answered the complaint, setting forth their claim against the company, and alleging the liability of each and all the stockholders for payment of the

debts of the company to the amount of the stock held or owned by them respectively, and praying affirmative relief against the company and its stockholders. To these answers the plaintiffs and the above named stockholders replied, taking issue (among other things) on the averment of individual liability of the shareholders in addition to liability on their stock subscriptions.

The action was referred for trial to Charles N. Bell, Esq., as referee, who found, among other things, that the defendant company was not a corporation organized for the purpose of carrying on a manufacturing or mechanical business, within the meaning of the exception in section 3, article 10, of the constitution, and that all the stockholders were personally liable for the company's debts to the amount unpaid on their respective shares of stock, and also for an additional amount equal to the par value of the shares held by them respectively. Judgment was directed in accordance with these conclusions. The above-named stders appeal from an order of *Brill*, J., refusing a new trial.

The company was formed in 1880, ██ the business for which it was organized is thus stated in its articles of incorporation:

"The general nature of its business shall be the manufacturing, including the manufacturing, dealing in, holding, and selling, either on commission or otherwise, of any and all kinds of agricultural implements and machinery, wagons, lumber, and timber, and any and all other articles that may be advantageous to the general business of said corporation; the contracting for, leasing, purchasing, using, holding, selling, conveying, and renting of real estate, lots, shops, mills, foundries, stores, boarding-houses, and any and all other property, real or personal, necessary or convenient for the successful prosecution of its business."

*John B. & W. H. Sanborn*, for appellants.

*Thompson & Taylor*, for Auerbach, Finch & Van Slyck, respondents.

*Ingersoll & Ovitt*, for Matheny, Haynie & Co., respondents.

*Arthur G. Otis* and *Geo. B. Young*, for Merchants' National Bank, respondent.

MITCHELL, J. The two main points made by appellants are, *first*, that the constitutional "double liability" of stockholders, if it existed, was not enforceable in this action; *second*, that no such liability existed in this case. The grounds upon which it is sought to maintain the first proposition are: (1) That no such cause of action is set up in the complaint, and (2) that all the stockholders were not made parties to the suit. If the correctness of the first ground is to be determined by reference exclusively to the complaint of the judgment creditors who instituted the action, appellants' contention might perhaps be correct; but in assuming this to be the fact consists the chief fallacy in their argument. An action against a corporation, under Gen. St. 1878, c. 76, is in the nature of an action to wind up its affairs, to collect and convert all its assets, and appropriate them ratably among creditors, and to enforce the individual liability of stockholders and others to the extent of the deficiency of assets. As was said in *Merchants' Nat. Bank* v. *Bailey Mfg. Co.*, 34 Minn. 323, (25 N. W. Rep. 639,) "it is an action not proceeding in the ordinary way of actions at law by trial of simple issues, judgment, and execution, but by the exercise of powers peculiar to the former courts of chancery." The proceedings are susceptible of being moulded into almost any form necessary to accomplish their purpose of securing a full and final adjustment of the rights and liabilities of all parties growing out of the corporate business. During the progress of the proceedings new parties may be admitted or brought in, and new issues introduced from time to time, as they become necessary for the final winding up of the affairs of the corporation, and the enforcement of all the rights of creditors. The original complaint need not state more than a case for the sequestration of the corporate assets. Neither stockholders, directors, nor creditors, (save the one who institutes the suit,) need be made parties in the first instance. Other creditors may subsequently come in or be brought in. Stockholders and directors may also be brought in for the purpose of enforcing their individual liability. This may be done at the instance or upon the complaint of any creditor who has become a party to the proceedings. In short, the proceedings are intended to be so elastic as to

be susceptible of development during their successive stages of progress, as to reach not only all the corporate assets, but also all liabilities of stockholders and others so far as necessary for the payment of creditors. Hence, in order to ascertain whether the individual liability of the appellant stockholders was properly enforceable in this action, we must look not merely to the complaint of the original plaintiffs, but also to the issues tendered by the pleadings of creditors. It is immaterial by what particular name they designated these pleadings, whether answers, complaints, or cross-bills. In this case, at least two of the so-called "answers" of creditors contain all the allegations of fact necessary to constitute a cause of action against appellants upon their individual "double liability." That of Auerbach, Finch & Van Slyck in terms expressly avers that each and all of the stockholders are liable for the payment of all the debts of the corporation to the amount of the stock held or owned by them respectively. To this "answer" the appellants replied, putting in issue the allegation referred to by a specific denial, thus accepting the issue tendered, and showing that they understand the "answer" as in the nature of a complaint against them, and not a mere defence to the complaint of the plaintiffs. And, so far as appears from the bill of exceptions, the cause was tried before the referee, without objection, upon the theory that the question of the individual liability of stockholders was one of the issues in the case. We are clearly of opinion that it was, and that the referee was right in passing upon it in his findings.

As to the alleged defect of parties, the rule undoubtedly is that in an action under chapter 76, when it is sought to enforce the individual liability of stockholders, all of the stockholders should be made parties, and that if they are not it constitutes a defect of parties which may be taken advantage of by answer or demurrer. *Allen* v. *Walsh*, 25 Minn. 543; *Johnson* v. *Fischer*, 30 Minn. 173, (14 N. W. Rep. 799.) But, as in any other action, if the objection is not taken either by answer or demurrer, the defect is deemed waived. Indeed, in such a case, there are special reasons why the defect should be deemed waived if not thus specifically objected to. The rule requiring all stockholders to be made parties is one peculiarly for the ben-

efit of those stockholders who are made parties, the object being that all who are similarly liable should be brought into court and made to stand their proportionate share of the liability, and thus save their associates from being compelled to pay more than their share. Moreover the stockholders, of all others, are presumed to know best who their associates are, and, if those of them who are made parties go to trial on the merits without objecting that others ought to be joined as defendants, they certainly ought not to be heard to raise the objection afterwards. In the present case the complaint alleged that those named as defendants included all the stockholders, and this is admitted by appellants' answer as we construe it. As a matter of fact some of the stockholders named as defendants in the title of the cause were never served with process or brought into court. This might have been good ground for the court or referee, on motion of appellants, ordering the case to stand over until the other stockholders were brought in. *N. W. Pavement Co.* v. *Norwegian Seminary*, 43 Minn. 449, (45 N. W. Rep. 868.) But appellants never made any such motion. Neither did they, either by answer or demurrer, nor, so far as appears, upon the trial, ever raise the objection of defect of parties. It was therefore waived. And even if it had not been it is difficult to conceive how, under the circumstances, it would be ground for a *new trial.* The corporate assets have not yet been all distributed or even collected. No judgments have yet been entered against appellants on their individual liability. Judgments have been only ordered conditionally, in case a deficiency of funds to pay all the debts is found after the assets of the corporation have been all collected, the amounts of such judgments to be hereafter determined as the deficiency of assets may appear. Hence we conceive that it is still entirely in the power of the court, even upon the application of appellants themselves, upon a proper showing, to allow them to bring in the other stockholders in order that their individual liability may also be determined, and they compelled to stand their share of the debts.

2. Upon the merits of the case, however, the appellants contend that no individual liability of stockholders under the constitution exists in this case, because—*First,* according to its articles, the corpo-

ration was organized exclusively for the purpose of carrying on a manufacturing business, and such as is properly incidental to or necessarily connected with a manufacturing business; *second,* even if the articles of association authorized and provided for carrying on business other than manufacturing, yet the corporation in fact never engaged in any business except manufacturing, and such as was ancillary and properly incidental to or necessarily connected with it. It can hardly require anything more than the reading of the articles themselves to show that they authorize the carrying on of various kinds of business, which, however advantageous they might be indirectly to the manufacturing department of the corporate business, were neither properly incidental to nor necessarily connected with it. Had the corporation engaged in the most extensive and general commission, real estate, or trading business, it could have successfully maintained its right to do so under these articles against the objections of either the state or dissenting stockholders. That the amendment of 1872 to section 3, art. 10, of the constitution of the state excepting the stockholders of manufacturing and mechanical corporations from the individual liability imposed on the stockholders of all other corporations, applies only to corporations organized to carry on an exclusively manufacturing or mechanical business (including anything that is properly incidental to or necessarily connected with it) is settled by the reasoning and logic, if not by the decisions, of the cases of *State* v. *Minn. Thresher Mfg. Co.*, 40 Minn. 213, (41 N. W. Rep. 1020,) and *Mohr* v. *Minn. Elevator Co.*, 40 Minn. 343, (41 N.W. Rep. 1074.) In both of these cases the articles of association were construed as authorizing the carrying on of business other than manufacturing; and in the first case it was held that the corporation was not one authorized by the manufacturing act of 1873; and in the latter that the stockholders were not exempted from individual liability under the constitutional amendment of 1872. And if the corporation is organized for the purpose, as declared in the articles of association, of carrying on both a manufacturing business and also some other kind of business not properly incidental to or necessarily connected with a manufacturing business, the mere fact that the

corporation never exercised all its corporate powers, and never in fact engaged in or carried on anything but a manufacturing business, will not bring the case within the constitutional exception. The organizers of a corporation fix the terms of their articles of association for themselves. These declare to the public what kinds of business the corporation proposes to engage in, and the public, which cannot definitely know which of these various kinds of business the corporation has actually engaged in, deal with it and give it credit upon the basis of their own rights and the liabilities of stockholders as indicated by the nature of the corporation as declared in the articles themselves. The only exception in the constitution is of corporations "*organized*" for the purpose of carrying on a manufacturing or mechanical business; and the general policy of the state, as expressed in the constitution, being that stockholders of corporations should be individually liable to the amount of their stock, we think that the exception made to this rule should be strictly construed. Therefore, inasmuch as in this case the purpose of this corporation as expressed in its articles was to carry on business other than manufacturing, it is wholly immaterial whether or not it ever in fact carried on such other business.

Whether an individual liability, and if so what, would attach to the stockholders of a corporation organized for the purpose, as expressed in its articles, of carrying on an exclusively manufacturing business, but which should in fact engage in some other business, is a question upon which this court has never passed, and which is not involved in this case.

By consent of the attorneys in this case, outside counsel has filed a brief, in which it is contended that section 3, art. 10, of the constitution is not self-executing, and that, as there is no statute carrying it into effect, therefore there is no individual liability of stockholders, none existing at common law. As the appellants make no such point, it is not presented by this appeal, and we cannot consider it.

It is also assigned as error that the evidence was insufficient to justify the referee allowing the claims of certain creditors; also that the referee admitted incompetent evidence in support of one of these

claims. We have examined the record, and find no prejudicial error in these respects.

Order affirmed.