Isaac H. Arthur and others *vs.* Francis B. Clarke and another, impleaded, etc.

July 7, 1891.

**Corporation—Action against Stockholders—Sufficiency of Findings.**
In an action brought by creditors of an insolvent corporation under the provisions of Gen. St. 1878, *c.* 76, § 17, against the corporation and certain alleged stockholders therein, from whom, it is claimed, amounts are due and unpaid on shares of stock, a finding that such persons were "stockholders" in the corporation includes a finding that every condition precedent to their becoming full stockholders, and subject to liability, has been performed or waived.

Action brought in the district court for Ramsey county, under Gen. St. 1878, *c.* 76, against the Bailey Manufacturing Company and its stockholders. The referee before whom the case was tried reported that the defendants joined as stockholders were liable for the amounts unpaid on their holdings of stock, and were individually liable for an additional amount equal to the par value of their stock. Two of the defendants moved for a new trial, and appealed from an order denying their motion. *Arthur* v. *Willius,* 44 Minn. 409. After the decision of that appeal a receiver was appointed, and the creditors moved for judgment on the referee's report. Two of the defendants, Francis B. Clarke and A. W. Lounsbury, opposed the motion, on the ground that the referee's report showed that they were not stockhold-

ers, inasmuch as it showed that the entire stock of the company had not been issued or subscribed for, and did not show that the defendants had waived the implied condition to their subscription that all the stock should be subscribed for. The objections were overruled, judgment was ordered and entered in favor of the receiver against Clarke for $3,323.70, and against Lounsbury for $1,107.90, (being the amount unpaid on their stock, with interest,) the judgment also directing the receiver to report to the court the collections made by him, for such further order of the court as might be necessary or proper in respect to the application of such sums and in respect to the enforcement of the liabilities of the several stockholders of the company, as such, and in addition to their liability on unpaid subscriptions, for such portion of the company's indebtedness as should then remain unpaid. The defendants Clarke and Lounsbury appeal from the judgment.

The findings of the referee in respect to the organization of the company and the subscribers and stockholders are in substance as follows: The Bailey Manufacturing Company was organized prior to December 1, 1880, its articles providing for a capital stock of $100,-000. As early as October 11, 1881, stock to the amount of $93,000 had been subscribed for by 15 persons named, (including the two appellants,) the amount subscribed by each and the amount paid on each subscription, and the amount unpaid thereon, being stated in detail. The remaining $7,000 of the capital stock was never subscribed for or taken. "Each of said persons above named as stockholders, ever since October 11, 1881, has been and is now a subscriber and stockholder in said company to the extent and to the amount above named." In the detailed statement Clarke is named as a subscriber and stockholder to the amount of $5,000, the amount paid on his stock being $2,000; and Lounsbury a subscriber and stockholder to the amount of $2,500, on which $1,500 had been paid. The company began to do business in November, 1880.

*C. D. & Thos. D. O'Brien* and *Ambrose Tighe,* for appellants.

*Henry C. James* and *Geo. B. Young,* for respondents.

COLLINS, J. This appeal was taken by two of the defendants, not appellants heretofore, from the judgment entered against the defend-

ants after the determination of an appeal taken by some of them from an order refusing a new trial, the opinion being reported in *Arthur* v. *Willius,* 44 Minn. 409, (46 N. W. Rep. 851,) with a full history of the case, by the reporter, preceding it. The question now before us has not previously been presented, and turns upon the sufficiency of the findings of fact as made by the referee who tried the action. The position taken by these appellants is that the referee's conclusions of law, and the judgment entered against them, were not warranted, because the referee found that the entire capital stock was not subscribed for or taken, and did not find that the appellants had in any manner waived or forfeited their right to defend, and to have judgment in their favor, upon the express ground that all of the shares of defendant corporation's capital stock had not been subscribed for or taken; treating the finding precisely as if it had gone no farther than to assert as a fact that the appellants were subscribers only for shares of stock in a corporation, all of the shares not having been subscribed or taken. It is claimed that the views expressed in *Masonic Temple Association* v. *Channell,* 43 Minn. 353, (45 N. W. Rep. 716,) are in point, and that an application of the doctrine there announced determines this appeal against the respondents. It was there held that Gen. St. 1878, c. 34, § 4, which declares that on the filing of the articles the incorporation became a body corporate, has not abrogated, as between the corporation and the subscribers to its shares of stock, the rule of the common law that unless the charter, or the articles of incorporation, or the terms of the subscription, make a different rule, payment of the subscription cannot be required until the whole amount of stock has been subscribed. In the absence of a statement of the facts involved in the Channell Case, we take this occasion to call attention to the nature of the action. Channell had subscribed for shares of stock in the plaintiff corporation, and the action was brought by it to recover upon the subscription list. It was not an action against one who, as to the plaintiff,—whatever his relations may have been to other persons, —was a stockholder, but was an action upon his subscription, against one who had proposed and promised to become a stockholder, and then refused to proceed further. A marked difference exists between

the cases on the facts, although a determination of the one at bar is not made to depend upon any distinction.

The finding to be considered is that whereby the referee found as a fact, among other things, that each of the appellants was a subscriber, and became and was a stockholder, in defendant corporation from October 11, 1881, to the extent of a specified number of shares of capital stock of a certain par value, a part of which value remained unpaid when this action was brought,—a corporation which, according to the findings, had been organized, put in operation, and was doing business, prior to December 1, 1880.    To constitute a foundation for a judgment, the facts required to be found need not be as specific as the allegations of the pleadings, and they were not in this instance, but they must cover the ultimate facts forming the issues presented and tried.   On the issuable facts the findings must be complete and certain, and, if the finding in question is so indefinite and ambiguous that it may be construed as meaning that the appellants were merely subscribers for shares of stock, and not full stockholders, with all that these words imply, then it was insufficient, and the judgment appealed from unwarranted.   We cannot agree with counsel for appellants that this finding, when considered with others, can be construed as meaning that their clients may have been nothing more than subscribers, or so indefinite and ambiguous that it is impossible to determine whether they merely agreed to take, or actually did take, shares of stock.   The finding is, explicitly, that they were subscribers,—persons who had entered into an agreement to take shares of the original issue of stock; and also that, subsequent to the commencement of business operations, they were stockholders,—owners of shares of stock in the corporation.   The statute under which the plaintiffs proceeded against these and other defendant stockholders (Gen. St. 1878, c. 76, §§ 21, 22) fixed the liability, in this form of action, of all stockholders from whom amounts were due and unpaid upon shares of stock.   Where an action is brought by virtue of and under the provisions of section 17 of said chapter 76, and it is expressly found that the defendants were stockholders in the corporation, it must be held to include a finding that every condition precedent to their becoming full stockholders, and subject to liability,

has been performed or waived. The judgment against appellants as such, for the amounts due and unpaid on their shares of stock, was justified by the findings.

Judgment affirmed.