CASE 84—ACTION BY THE GAMEWELL FIRE ALARM TELEGRAPH CO., AGAINST THE FIRE & POLICE TELEGRAPH CO., AND THE NEW GAYNOR ELECTRIC CO., FOR THE APPOINTMENT OF A RECEIVER OF BOTH COMPANIES, AND THE PAYMENT OF PLAINTIFF'S DEBT OF $8,000.—Nov. 18.

# Gamewell Fire Alarm Telegraph Co., v. Fire & Police Telegraph Co., &c.

APPEAL FROM JEFFERSON CIRCUIT COURT. CHANCERY DIVISION.

FROM THE JUDGMENT PLAINTIFF APPEALS. AFFIRMED.

CORPORATIONS— STOCKHOLDERS —DOUBLE LIABILITY —ENFORCEMENT — SOLE STOCKHOLDERS— ACTIONS—COUNTER CLAIM— PARTIES — RIGHTS OF CREDITORS—ATTORNEY'S FEES—ALLOWANCE—RIGHT TO OBJECT.

Kentucky Statutes, 1899, section 547, provides that stockholders of corporations not "organized" for educational purposes, or for operating of water, gas, or electric plants, shall be individually responsible for their liabilities to the extent of the amount of their stock at par, in addition to the amount of such stock; and section 573 declares that after September 28, 1897, the provisions of the chapter containing the previous section shall apply to all corporations organized in the State, if such provisions would be applicable to them if organized under such chapter. Held, that where a corporation previously organized for the purpose of "exploiting or promoting" the fire and police telegraph business, and to purchase and otherwise acquire stocks, bonds, and other obligations of other corporations, etc., continued its business after section 573 went into effect, its stockholders were subject to the double liability prescribed by section 547.

2. Under Civil Code, section 28, providing that the court may determine any controversy between parties before it, if it

Gamewell Fire Alarm Tel. Co., v. Fire & Police Tel. Co. &c.

can do so without prejudice to others, it was not error to enforce a statutory double liability against a stockholder of an insolvent corporation without the other stockholders being made parties; the obligation of such stockholder being several, and not joint.

3. Where a corporation purchased all the stock of another corporation, the stockholders, of which were subject to the double liability prescribed by Kentucky Statutes, 1899, section 547, the fact that the purchasing corporation was the sole stockholder, and was itself a corporation, did not alter its double liability as such under the statute.

4. Under Civil Code, section 96, defining a counterclaim, where plaintiff sued to have the affairs of certain corporations placed in the hands of a receiver, and part of the assets consisted of claims against plaintiff and other stockholders to enforce a statutory double liability, a pleading filed by such defendant corporations to enforce plaintiff's double liability constituted a proper counterclaim.

5. Where suit was brought for the liquidation of certain insolvent corporations, the creditors of which were numerous, and it was impracticable to bring them all before the court within a reasonable time, and a plaintiff procured an injunction restraining all such creditors from bringing or prosecuting any action on their claims except in such suit, and certain other creditors were permitted to prosecute and defend for all the other creditors, as authorized by Civil Code, section 25, it was proper for the court, in such action, to render judgment establishing all the claims of other creditors filed and allowed therein as against such corporations.

6. Where plaintiff in an action for the liquidation of certain corporations appeared by its own counsel, it could not object to an order allowing a certain per cent. of the amounts recovered by counsel for other creditors not represented by special counsel, as attorney's fees.

DODD & DODD, ATTORNEYS FOR APPELLANT.

POINTS AND AUTHORITIES.

1. The pleadings of appellee, the E. A. Kinsey Company and Southern Electric Company, representative creditors, respectively, of the New Gaynor Electric Company and Fire & Police Telegraph Company, do not state facts sufficient to constitute a counter-claim, and being by a defendant and against a plaintiff can not be a cross petition. Sec. 96, Civ. Code; Grimes v. Grimes, 88 Ky., 20; Cummings v.

Bradford's Adm'r, 14 Ky. Law Rep., 527; Buckler v. Reese, 14 Ky., Law Rep., 80; Crabtree v. Banks Adm'r., 1 Met., 482; Forbes & Bro. v. Cooper & Co., 88 Ky., 285

2. Any suit having for its purpose an enforcement of the double liability against stockholders of corporations under section 547 of Kentucky Statutes should be against all of the stockholders of the corporation as a necessity to an adjustment of the equities and rights of all concerned. Vol. 20 Ency. of Pleading and Practice, 726; secs. 219 and 222, Cook on Corporations; secs. 3492, 3496 and 3515, Thompson on Corporations; Pollard v. Baily, 20 Wall., 520; Cuykendall v. Miles, 10 Fed., Rep., 344; Globe, &c., Co. v. Bank, 41 Neb., 171.

3. The provisions of section 532 of the Civil Code that make all creditors appearing before the commissioner in settlement suits parties to the action, and concluded by the final judgment of the court allowing or rejecting their claims, do not authorize the rendition of personal judgment on the claims of creditors. Homer v. Harris' Executor, 10 Bush, 356; Harris v. Moberly, 5 Bush., 556; Francis v. Smith, 1 Duv., 126; sections 115 and 705 Civ. Code.

4. Proving a claim before a commissioner in the settlement of an insolvent's or decedent's estate is not a suit, and will not stop the running of the statute of limitations on any unsatisfied balance of the claim. Harris v. Moberly, 5 Bush, 556.

5. Under our system of civil procedure *no personal judgment* can be rendered in favor of any party who has not asserted his right, by appropriate pleading and service of process upon the party from whom such relief is sought. Francis v. Smith, 1 Duv., 121 to 126.

6. A party who employs counsel of his own selection and appears by such counsel before a commissioner in a settlement suit for the purpose of making proof of and having his claim allowed can not be required to contribute to the payment of counsel employed by other creditors of such estate. Thirlwell's Admr. v. Campbell, 11 Bush, 163.

7. It appearing from the charter of the Fire & Police Telegraph Company that its business was solely and exclusively that of selling agent of appellant in the construction and installation of fire alarm telegraph and police alarm telegraph plants its stockholders are subject to no double liability under the statute. Section 547, Kentucky Statutes.

8. The double liability imposed by section 547 of Kentucky Statutes is only for the benefit of creditors, and can only extend to the stockholder or stockholders of the debtor corporation, and where a corporation owns stock in another corporation the estate of the stockholding corporation is the measure of its liability.

RANDOLPH H. BLAIN, ATTORNEY FOR APPELLEES, NEW GAYNOR ELECTRIC COMPANY, AND FIRE & POLICE TELEGRAPH COMPANY.

The appellees, the New Gaynor Electric Company, hereafter called the New Gaynor Company, and the Fire & Police Telegraph Company, hereafter called, the Fire & Police Company, are only interested in this appeal to the extent of having the assets of each company properly distributed to the creditors of each.     Occupying that attitude they must confess all the objections made by appellants to the judgment below as too manifestly well taken to admit of question.

The court's attention is called to one matter not fully dealt with by the appellant in his brief, which seems to counsel an error that should be corrected.    The Fire & Police Company proved a debt against the New Gaynor Company in the sum of $13,325.54 which the commissioner found to be a proper claim, but under the order of the court he was compelled to postpone its payment until all the other creditors of the New Gaynor Electrick Company had been fully paid out of the assets of that company.     It is contended that this demand in favor of the Fire & Police Company against the New Gaynor Company was a part of the assets of the Fire & Police Company, and that the dividend upon it was subject to distribution among the creditors of that company.    Was it a proper claim?

The record shows that the New Gaynor Company was regularly incorporated under the Kentucky Statutes, and a going concern up to the date of the liquidation herein.    The Fire & Police Company was regularly incorporated under the Kentucky Statutes after the New Gaynor Electric Company, but with extended powers, and was a going concern up to the end.    The Fire & Police Company acquired all the stock of the New Gaynor Company, the stockholders in the two companies being substantially the same.    Regular accounts were kept between the two companies, the business being conducted on somewhat different lines. The New Gaynor Company became indebted to the Fire & Police Company in the amount above set forth.    The officers of the companies, to reduce this indebtedness, within four months of the liquidation, transferred on the books to the Fire & Police Company, assets of the New Gaynor Company of the book value of $——.  The transfer does not appear to have been made with fraudulent intent,    although perhaps a legal fraud,    and was simply a misjudged and impotent floundering on the part of the officers of the two companies in the face of pending disaster. The court properly set aside the transfer.    This should have placed the two corporations in statu quo, the Fire & Police Company holding its claim against the New Gaynor Company unim-

paired, and the New Gaynor Company holding the property it had attempted to transfer.    The claim in favor of the Fire & Police Company anginst the New Gaynor Company was found, by the commissioner, to be a proper claim.    It is nowhere shown to be invalid or fictitious.    It arose through the mutual business transaction between the two corporations, being mostly for borrowed money.    It was quite as much an asset of the Fire & Police Company as was the personal property in the possession of the New Gaynor Company one of its assets.    The creditors of the Fire & Police Company had the same right to look to the debt against the New Gaynor Company as an asset subject to their demands, as the creditors of the New Gaynor Company had the right to look to the property held by that Company as assets in its hands subject to their debts.    The creditors of each company had a right to look to all the property of each, whether material or choses in action, for the payment of their respective debts.    The court, by its order to the commissioner and by its judgment, in effect cancelled the claim of the Fire & Police Company against the New Gaynor Company, and to that extent took the assets of the Fire & Police Company to pay the debts of the New Gaynor Company.    Not only so, but it held that the assets of the Fire & Police Company were primarily liable to the creditors of the New Gaynor Company.

It is respectfully submitted that the orders of the court aforesaid, were in direct conflict with the rule laid down by this cour,t in Louisville Gas Co. v. Kaufman, 20 R., 1069; Louisville Banking Co. v. Eisenman, 94 Ky., 83.

Uuder these authorities it seems plain that the debt of the Fire & Police Company against the New Gaynor Company should have been allowed to pro rate with all the other creditors of the latter company; that the assets of the Fire & Police Company were in no maner liable for the debts of the New Gaynor Company.

We ask that this contention be sustained.

McDERMOT & RAY, ATTORNEYS FOR APPELLEES, THE E. A. KIN-SEY COMPANY, AND THE SOUTHERN ELECTRIC COM-PANY, REPRESENTING CREDITORS, ETC.

Answers to propositions or objections presented in the brief of the appellant, the Gamewell Fire Alarm Telegraph Company. Appellant did not come into this court of equity with clean hands and has no standing in a court of equity.

1.    Answer to appellant's first objection:

(a)  The pleading of the appellees, the E. A. Kinsey Company and the Southern Electric Company, representative creditors re-

spectively of the New Gaynor Electric Company, and the Fire & Police Telegraph Company, state facts sufficient to constitute a counterclaim. Ky. Stat., sec. 547; Civ. Code, sec. 96, sub-sec. 1; Newman's Pleading and Practice, (Ky.), 615; Peter v. Farrell Foundry Machine Co., 53 Ohio St., 550; Story's Equity Pleading, secs., 389 and 392; National, &c., Bank v. St. Anthony's Park, &c., 63 N. W. Rep., 1068; Hessler v. The Cleveland Punch, &c., Co., 61 Ohio St., 621; County School Board v. Farish, 92 Va., 156: Tinsley v Tinsley, 15 B. Mon., 459; Morawetz on Corporations, sec., 884; Monger v. Jacobson, 99 Ill., 349; Kincaid v. Quinelle, 59 N. Y., 548; Patterson v. Lynde, 112 Ill., 196; Morgan v. Lewis, 46 Ohio St., 1.

(b.) A non-resident creditor, who owns stock in an insolvent, Kentucky corporation can not come into a court of equity in this State and subject to the payment of his debt the assets of the insolvent domestic corporation, upon which other creditors have equal claims, and escape from the jurisdiction of our courts with a part of this trust fund in its hands, and thereby lessen the pro rata of other creditors, without first doing equity by paying to these other creditors the amount of his statutory liability to them upon these corporate debts, as a stockholder in the insolvent corporation. And he can not tie the hands of the other creditors by making them defendants to his action. They can enforce their rights and protect themselves by a counterclaim against him. (See authorities above referred to.)

2. Answer to appellant's second objection:

(a) It is neither necessary nor feasible to make all of the stockholders of the Fire & Police Company parties to this action. Ky. Stats., sec. 547, (Civ. Code, sec. 28); Castleman v. Holmes, 4 J. J. Mar., 1; Civ. Code, sec., 28; Ency. of Pl. and Pr., vol. 20, p. 724; Obermeyer v. Cannon, 82 Ind., 457; Thompson on Corporations, 3494, and sec. 3502, vol. 3; Grund v. Tucker, 5 Kans., 70; Norris v. Johnson, 34 Me., 458; Culliver v. Third National Bank, 64 Ill., 528; Bullard v. Bell, 1 Mason, 243.

(b) The rule requiring all parties having an interest in the subject of the action to be made parties is merely a rule of convenience, and will not be enforced when it will work an injury or great inconvenience. Ency. of Pl. and Pr., vol. 15, p. 651.

(c) The court may determine any controversy between the parties before it if it can do so without prejudice to others. Civ. Code, sec. 28; Castleman v. Holmes, 4 J. J. Mar., 1.

(d) The double liability statute (sec. 547, Ky. Stat.) fixes the measure of the stockholders' liability. That liability is not joint nor does the amount thereof depend upon that of any other stockholder. The liability of each stockholder is several,

and not one for the other. Ky. Stat., sec. 547; Castleman v. Holmes, 4 J. J. Mar., 1; (see also authorities under "a", this heading).

(e) Where there are no equities to be adjusted between a party to a suit and a third person, the party can not complain of a judgment against him on the grounds that such third person is also indebted to the one in whose favor the judgment is rendered.

(f) If there were any equities to be adjusted between appellant and other stockholders of the Fire & Police Company, it was the duty of appellant to have brought them before the court, if it desired the adjustment.     Thompson on Corporations, sec.—

(g) The court did not prejudice any of the substantial rights of appellants by determining this action between the parties before it.     The judgment should therefore, be affirmed.  Civ. Code, sec. 756.

3. Answer to appellant's third, fourth and fifth objections:

The personal judgment complained of herein was rendered upon appropriate pleadings filed by the representative creditors respectively of the Fire & Police Company and New Gaynor Company in behalf of themselves and all other creditors of said respective corporations, together with the proper proof of all of said claims and depositions and exhibits properly filed herein.     (See Order of Court, Record, page ——; Civ. Code, sec. 25; Whaley v. Com., 23 Ky. Law Rep., 1295; Gorley v. City of Louisville, 23 Ky. Law Rep., 1782; Flint v. Spurr, 17 B. Mon., 500; Shannon v. Frost, 3 B. Mon., 253; Civ. Code, sec. 756; Williams v. Rogers, 14 Bush, 776.

4. Answer to appellant's sixth proposition or objection:

(a) Appellant was adjudged to pay no part of the attorney's fee complained of nor is said fee to be paid out of any fund to which it has any claim.  It was adjudged to be paid out of the amount recovered by certain creditors for whom the Southern Electric Company and the E. A. Kinsey Company respectively defended herein under the order of the court.  The parties out of whose funds it was ordered to be paid are not objecting,  And appellant has absolutely no interest in the matter and will not be heard to complain about matters that do not concern it. Russell v. Hart & Co., Sneed, 308; Johnson v. Rankin, 3 Bibb, 87; Oldham v. Rowan, 4 Bibb, 546.

(b) The court properly allowed the attorneys of said representative creditors said fee for their services in behalf of the creditors out of whose funds it was adjudged to be paid.  Ky., Stat., sec. 489; Davis v. The H. Fellman Co., 23 Ky. Law Rep., p. 1513.

5. Answer to appellant's seventh proposition or objection:

(a) The charter of the Fire & Police Company clearly shows that it was not organized for such purposes as would bring it within the exception, in the double liability statute (sec. 547), and the proof shows that it was not engaged in such business as comes within the exception. Therefore, its stockholders are liable under said statute. (See Charter Fire & Police Co., Record p. ——). Ky. Stat., sec. 547; Arthus v. Willis, 44 Minn., 409.

(b) In order to come within the exception of the statute a corporation must be organized for the purpose, as stated in its charter, of carrying on exclusively the kind of business mentioned in said exception. Arthur v. Willis, 44 Minn., 409.

6. Answer to appellant's eighth proposition or objection:

(a) The double liability enforced against the stockholders in this action was enforced for the benefit of all of the respective creditors of the corporation in which the respective parties held liable were stockholders. (See Judgment Record, page——

(b) Where a corporation under authority of its charter becomes a stockholder in another corporation it assumes all of the responsibility that an individual assumes by becoming a stockholder and its liability is exactly like that of any other stockholder, and is limited in no way, not applicable to every other stockholder. And when the stockholder's liability is fixed, it is like any other liability or indebtedness. Kentucky Statutes, 547; Minor's Institutes, vol. 2, part 1, pp. 146 and 147.

(c) The property or estate of the corporation is the measure or limit of the satisfaction of its liability that may be obtained from the corporation, but if the debt is not satisfied in full the liability for the balance is not cancelled by the exhaustion of the corporate assets. It remains a liability and the stockholders become responsible therefor under section 547 of the Kentucky Statutes.

Answers to the proposition or objections of the appellees, the Fire & Police and new Gaynor Companies:

1. Where one corporation controls and operates another corporation for illegal purpose, and for the purpose of committing gross frauds upon other persons and the public generally, a court of equity will not assist it in collecting from the corporation so controlled and operated, money advanced or expended by the controlling corporation, in the operation of said corporation, or in furtherance of said unlawful or fraudulent purpose. And this is especially true as between said controlling corporation, (and those claiming through it), and the innocent creditors of the corporation so controlled and operated, when those creditors have been deceived and defrauded by the fraudulent manipulations of

the two corporations. Beach on Modern Equity Jurisprudence, sec. 78.

Those claiming through said defrauding parties have no better standing in a court of equity, as against these defrauded creditors than have the defrauding parties through whom they claim. However, no one is making any objection in this court, except those defrauding parties themselves, and the appellant, who was the chief beneficiary of, and a party to said fraud.

2.   (a) There is no judgment or order in this record holding the Fire & Police Company primarily liable for the debts of the New Gaynor Company.   The judgment simply holds it liable as stockholder in the New Gaynor Company to the creditors of that company for its proportion. of the unpaid balance of their debts as provided by section 547 of the Kentucky Statutes.

(b) The cross-appeals of the Fire & Police and New Gaynor Companies, like everything else done by them in this case, and in fact since the unlawful and fraudulent combination of said corporation in 1894, is solely in the interest of the appellants.

Other questions involved in the record but not raised in this court by any of the objecting parties to this appeal:

1.   The New Gaynor Electric Company did not by reason of the Fire & Police Company owning all of its stock become merged into that company, nor did it become a part or parcel of that company, nor did the Fire & Police Company, as between it and the creditors of the New Gaynor Company, ever become the owner of the New Gaynor Company or its assets.   Louisville Gas Co., v. Kaufman-Straus Co., 20 Ky. Law Rep., 1069; Hasselman v. Japanese Bev. Co., 27 N. E., 318, 102 Ind., 153; Cook on Stockholders, (3rd Ed.) secs. 6 and 709; Thompson on Corporations, vol. 5, secs. 6653 and 6655; Exchange Bank v. Mason, &c., 25 S. E. R., 326, (97 Ga. 1.); Newton Mfg. Co., v. White, 42 Ga., 148; Winone & St. P. R. R. Co., v. St. P. & S. R. R., 23 Minn., 359; Humphrey v. McKissick, 140 U. S., 304; Button v. Hoffman, 50 Am. Rep., 161, (61 Wis., 20); Briscoe v. Bank of Com. of Ky., 11 Peters, (U. S'.) 323.

2.   It being properly shown that the New Gaynor Company was properly organized as a corporation, its legal existence at the time it contracted the debts herein sued on, or at the time of the transaction mentioned in this record can not be questioned in this suit.   Walton v. Reilly, 85 Ky., 413; Wright v. Shelbyville R. Co., 17 B. Mon., 5; Gill v. K. & C. Mining Co., 7 Bush, 635; Morawetz on Corporations, vol. 2, sec. 1015; Haselman v. Japanese Bev. Co., 27 N. E. R., 318.

3. The sole owner of said stock of the New Gaynor Company placed shares thereof in the names of certain parties who were

thus qualified to be and did continue to be officers of said corporation, and said corporation remained and continued to be until the appointment of a receiver herein a separate and distinct. corporation with full power to contract and transact business through its officers and agents as empowered by its charter and to incur all the liabilities of a corporation. It was, therefore, not liable on any contract to which it was not a party and its assets can not be taken for the payment of debts contracted by the Fire & Police Company with appellant herein or any one else. Louisville Gas Co., v. Kaufman-Straus Co., 20 Ky. Law Rep., 1069. See other authorities herein above cited under No. 1 this heading.

4. The secret transfer of the machinery, fixtures and assets of the New Gaynor Company to the Fire & Police Company, just prior to the appointment of the receiver herein was void. Sec. 1908, Kentucky Statutes.

5. The Fire & Police Company as stockholder in the New Gaynor Company was liable to the creditors of the New Gaynor Company upon the unpaid balance of their debts, after the distribution of assets of the New Gaynor Company. Kentucky Statutes, secs. 547, 573; Williams v. Nall, 21 Ky. Law Rep., 1526.

6. The ownership of all the stock by a single stockholder does not impose additional or different liability upon the single stockholder than the law imposes on stockholders generally when the stock is held by a number of persons. No reason has been suggested why the rule should not be the same. Louisville Gas Company v. Kaufman-Straus Co., 20 Ky. Law Rep., 1069.

7. Both the Fire & Police and the New Gaynor Companies being insolvent and their assets being in the hands of the court and about to be distributed the liability of the Fire & Police Company as stockholder should be ascertained in this suit, in order to give those to whom it was liable as stockholder a chance to participate in the distribution of its assets.

## QUESTION OF POOL OR TRUSTS.

Where two or more corporations or individuals enter into an arrangement for the purpose of regulating, controlling or fixing the price of any merchandise or manufactured article or for defeating by *unlawful and fraudulent and deceptive methods* the provisions of the charters and ordinances of cities in this State, created for the purpose of keeping up a healthy competition on all utilities purchased by such cities, the said combination or arrangement between said parties is illegal and fraudulent. It does not matter that said parties were unable to carry out com-

pletely their fraudulent purposes.     The court looks merely
to the intention of said parties.     Ky. Stats., sec. 3915; Eddy
on Combinations, secs. 297, 589, 590.

Any contract or agreement made for the purpose or intention
of carrying out or in furtherance of the unlawful scheme above
mentioned becomes part of the original unlawful scheme and is
void.  Ky. Stat., sec. 3918; Columbia Carriage Co. v. Hatch, 19
Tex. Civ. App., 120; 47 S. W., 288; DeLeon v. Travino, 49 Tex.,
88; Pfeuffer v. Mallby, 54 Tex., 454; Brooks v. Martin, 2 Wall.,
70; Wergner v. Diering, 65 Tex., 506.

OPINION OF THE COURT BY JUDGE NUNN—AFFIRMING.

The record in this case is voluminous, and we will state
only such facts as are necessary for a proper understanding
of the questions involved.  It appears that the appellant, the
Gamewell Fire Alarm Company, is a foreign corporation or-
ganized under the laws of the State of New York.  The New
Gaynor Electric Company is a corporation organized un-
der the laws of this State, and likewise the Fire and Police
Telegraph Company.  It appears that the New Gaynor Com-
pany was organized in June, 1892, and that the Fire and
Police Company was organized in July, 1894.  That, prior
to this last date, the New Gaynor Company was a competi-
tor of the appellant, Gamewell Company, in this territory;
they being engaged in the same line of business.  The Game-
well Company had three or four agents representing it in
Louisville, and they, with the president and other officials
of the appellant, conceived the plan and purpose of organiz-
ing the Fire and Police Company, and preventing further
competition by the New Gaynor Company by purchasing its
stock.  That since the organization of the Fire and Police
Company it has owned all the stock of the New Gaynor
Company, and there has not been held, or pretended to be
held, any stockholders' meeting of the New Gaynor Company,
or the election of any officers thereof.  That since that

date the New Gaynor Company has only had nominal exist-ence, at the dictation of the Fire and Police Company, for the purpose of acting as a pretended competitor in obtaining business, and that it had no independence whatever. That this absorption of the New Gaynor Company by the Fire and Police Company, and holding it out as a pretended com-petitor for business, was at the instance, dictation, and for the benefit of the appellant. There was placed in the hands of agents of appellant, after the absorption of the Fire and Police Company, enough of the New Gaynor Company stock for the purpose of officering it. These persons continued to hold themselves out as the officers of the New Gaynor Company until the institution of this action. The public had no notice or information whatever that it only had nominal existence, and was in fact owned by the Fire and Police Company, and during this time it contracted debts to the amount of many thousand dollars; and they also transferred to the Fire and Police Company all the personal property belonging to them, by a simple entry on the books of both companies, without notice to any one, and without visible change of ownership of the property. During the existence of the Fire and Police Company, it contracted debts to the extent of many thousand dollars.

The appellant claimed to be one of the creditors of the Fire and Police Company, and in the year 1900 brought this action against it for about $8,000, and also made the New Gaynor Company a defendant, claiming that, by reason of the matters hereinbefore stated, its property and effects were also liable to the payment of the claims of the Fire and Police Company's creditors, and made the necessary allegations for the appointment of a receiver to take charge of the property and assets of both defendant corporations. Appellant also alleged in its petition that the property of

the defendant corporations was in danger of being lost, wasted, and largely consumed unnecessarily in costs and in enforced sales under executions of their property in behalf of their divers and sundry creditors, and that its interest as a stockholder and creditor, and the interests of all other creditors and stockholders in these defendant companies, would be materially injured unless the court appointed a receiver to take charge of this property, and convert the proceeds thereof, and pay the same into court for equal distribution among their creditors, and that all the creditors of these defendant corporations be enjoined and restrained from instituting or prosecuting any suit against either the Fire and Police Company or the New Gaynor Company. The court, on the application of the appellant, appointed a receiver as requested, and granted the injunction enjoining and restraining the creditors of these corporations from instituting or prosecuting suits except in this action. The New Gaynor Company and the Fire and Police Company filed their answers, admitting and stating that the allegations of appellant's petition were true, and joined appellant in its prayer for relief.

The real appellees in this case are the creditors of the New Gaynor Company and of the Fire and Police Company. The E. A. Kinsey Company, as a creditor of the New Gaynor Company, filed its petition, asking that it be made its answer and counterclaim to appellant's petition and cross-petition against the Fire and Police Company. In these petitions and amended petitions, the Kinsey Company alleges that the creditors of the New Gaynor Company were numerous, and that its interests and the interests of all the other creditors of the New Gaynor Company were identical, and that the questions involved a common and general interest of many persons; that the

parties were numerous; that it was impracticable to bring all of them before the court within a reasonable time, and that the expense would be great if each and all of the creditors were required to file independent and separate pleas in presenting their claims; and that it (the Kinsey Company) be allowed to sue and defend for the benefit of all the creditors of the New Gaynor Company. The appellee, Southern Electric Company, a creditor of the Fire and Police Company, filed a similar pleading, with like allegations for the benefit of all the creditors of the Fire and Police Company; and the court made an order allowing the Kinsey Company to sue and defend for the New Gaynor Company creditors, and the Southern Company for the Fire and Police Company creditors.

These appellees, the creditors of the two defendant corporations, admitted the attempted transfer of the property of the New Gaynor Company to the Fire and Police Company, and of the purchase by the Fire and Police Company of the New Gaynor Company stock, but say that it was done without any notice to them, or their having any knowledge or information thereof, and for a fraudulent purpose, and with the intent to cheat the creditors of the two companies, and with intent to benefit the appellant. They further allege that the appellant, Gamewell Company, the Fire and Police Company, and the Gamewell Fire Alarm Auxiliary Company (which was a Maine corporation) were, at and during the times mentioned in the petition, organized, and had become a pool, trust, combine, and confederation, for the purpose of regulating, controlling, increasing, and fixing the price of electrical apparatus and appliances and fire alarms in the city of Louisville and community, and for the purpose of fixing, establishing, and limiting the amount and quantity of such articles to be produced and manufactured, bought

or sold, and that the notes sued on in appellant's petition and transactions and contracts of which they were evidence were made and executed for the purpose of carrying out such illegal combination, pool, or trust, and that the money loaned, pretended to have been loaned, or furnished by the appellant, Gamewell Company, to the Fire and Police Company, as claimed in the petition, was loaned or furnished for such illegal purpose, and in furtherance of such unlawful scheme; that these transactions were in violation of provisions of the statutes of this State, and that the notes and contracts alleged and set forth in appellant's petition, by reason of these facts, were each and all null and void; and that the appellant had no claim against the assets of the Fire and Police Company by reason of such pretended notes and contracts. They further alleged that the assets of the New Gaynor Company and the Fire and Police Company were not sufficient to pay their indebtedness, and would only pay a small pro rata thereon (naming the amount which was also reported by the commissioner of the court), and that the Fire and Police Company owned all the stock of the New Gaynor Company; that the New Gaynor Company was not organized for any of the purposes mentioned in section 547 of the Kentucky Statutes, and that by reason thereof the Fire and Police Company was liable to all the creditors of the New Gaynor Company to the extent of the amount of stock held by it in the New Gaynor Company at par value, in addition to the amount of its stock, not exceeding the total amount of the respective debts of such creditors after the assets of the New Gaynor Company had been exhausted; that the settlement of the affairs of the New Gaynor Company and the Fire and Police Company was then in the hands of the receiver appointed by the court in that action, and they were about to be wound up, and the assets of each company about

to be distributed, and unless the liability of the Fire and
Police Company as stockholder in the New Gaynor Company
be determined in that action, and its liability be enforced,
great and irreparable injury would be done to the creditors
of the New Gaynor Company, and they would be powerless
to enforce their respective rights and claims against the
Fire and Police Company as such stockholder. They asked
the court not to allow the Fire and Police Company its
pro rata on the claim it had filed against the New Gaynor
Company, but to distribute its part among the other creditors,
and give the Fire and Police Company credit on its liability
therefor. The appellees also allege in their pleadings that
the appellant, Gamewell Company, was a foreign corporation;
that its chief office and place of business was in the city of
New York, and that appellant was claiming in its action
to be one of the creditors of the Fire and Police Company
to the extent of about $6,000 and interest, and was seeking
to subject the assets of the Fire and Police Company and
the New Gaynor Company to the payment of its claims, and
that the appellant was the owner in its own right of seventy
shares of stock, of the par value of $100 each, in the Fire
and Police Company, and that the Fire and Police Company
continued to contract and be contracted with until the com-
mencement of this action; that the assets of the Fire and
Police Company will only pay a very small pro rata part
of the claims of its creditors, and that the larger part of
the respective claims can not be satisfied from the assets
of the company then in the hands of the receiver of the
court; that the Fire and Police Company was not organized
for any of the purposes mentioned in section 547 of the
Kentucky Statutes of 1899, and that by reason thereof the
stockholders of the Fire and Police Company, including the
appellant, the Gamewell Company, were each individually

liable, and responsible equally and ratably, and not one for the other, for all contracts and liabilities of the Fire and Police Company, to the extent of the amount of their stock at par value, in addition to the amount of their stock, and that the Fire and Police Company was organized with a capital stock of $50,000, divided into 500 shares, of the par value of $100 per share, and that 450 shares of this stock was issued to and then owned by various persons, all of whom were unknown to the petitioners, except the appellant, who then held seventy shares of the stock; that, of the stock issued by the Fire and Police Company, the appellant owned seven forty-fifths thereof, and that it was liable for its proportional part to the creditors of the Fire and Police Company, after deducting therefrom the assets in the hands of the receiver, not to exceed the par value of the stock held by it in the Fire and Police Company; that the appellant is seeking to withdraw from this State whatever sum it recovered, if any, against the Fire and Police Company on its claim, and remove it from the State of Kentucky, and out of the jurisdiction of this court; and asked the court not to permit it to do so, and also that it be required to account to the creditors on its stock liability, by virtue of section 547 of the Kentucky Statutes of 1899.

The issues were made up, the proof was heard, and the court adjudged, in substance, as follows: Among other things, it gives judgment to the creditors of the New Gaynor Company for the amount of their respective claims, by confirming the commissioner's report allowing their claims. It gives judgment to the creditors of the New Gaynor Company against the Fire and Police Company as stockholder in the New Gaynor Company upon the balance of these claims of the creditors of the New Gaynor Company remaining unpaid after its assets had been distributed. It gives judg-

ment to the ordinary creditors of the Fire and Police Company, including the appellant, upon their respective claims. It distributes the assets of the Fire and Police Company pro rata among all of its creditors, including those to whom it was liable as stockholder in the New Gaynor Company, as well as those to whom it was liable by reason of its ordinary transactions. It gives judgment over against the appellant, the Gamewell Company, a foreign corporation, for the amount of its statutory fixed proportional liability as stockholder in the Fire and Police Company to all of the creditors of this company. It subjects to the payment of this last-mentioned judgment against the appellant, so far as they would go, the funds of this non-resident appellant in the hands of the court, to-wit, the pro rata allowed it upon its claim against the Fire and Police Company, and in a subsequent judgment fixed the fee of the attorneys representing the creditors of the two defendant corporations, and allowed them a certain per cent. out of the amounts recovered, but only made those of the creditors responsible who were not represented by other counsel in the preparation and trial of the case.

The appellant asks for a reversal of this case for several reasons. It contends that the court erred in adjudging that the stockholders in the Fire and Police Company were subject to the double liability imposed by section 547 of the Kentucky Statutes of 1899, claiming that it appeared from the charter of the Fire and Police Company that its business was solely and exclusively that of selling agent of appellant, Gamewell Company, in the construction and installation of fire alarm, telegraph, and police alarm telegraph plants, and that by this section of the statutes the stockholders therein were expressly exempt from this double liability. The statute, in so far as is necessary for the determination of

this question, reads as follows: "The stockholders of each corporation shall be liable to creditors for the full amount of the unpaid part of the stock subscribed for by them, and stockholders of corporations, not organized for educational, religious, charitable or benevolent purposes, or for the purpose of building, constructing or grading turnpikes or bridges, lines of railroad, telegraph or telephone, or developing or improving lands, mines or water-ways, or constructing or operating water, gas or electric plants, or operating for petroleum, natural gas or salt water, shall be individually responsible, equally and ratably, and not one for the other, for all contracts and liabilities of such corporations to the extent of the amount of their stock at par value, in addition to the amount of such stock." The latter portion of section 573 of the Kentucky Statutes of 1899 reads as follows: "After the 28th day of September, 1897, the provisions of this chapter shall apply to all corporations created or organized under the laws of this State, if said provisions would be applicable to them if organized under this chapter."

The Fire and Police Company, having been organized in 1894, before these acts became laws, the stockholders therein were nevertheless liable, because it continued to do business after the law went into effect, and up to the time of the institution of this action, in 1900, provided they are not relieved by the exceptions contained in the statutes, which is the contention of the appellant. We quote so much of the charter of the Fire and Police Company as will aid in determining the question under consideration: "The business which said corporation proposes to carry on shall be the manufacturing and dealing in electric machinery, apparatus and supplies; conducting a general electric business, and exploiting or promoting the fire and police telegraph business; the purchasing or otherwise acquiring stock, bonds or other obligations of

other corporations, and selling, transferring and disposing
of the same, and the doing and performing of all things in-
cident to or connected with or necessary or proper to be
done in carrying on the general business herein stated as
fully, and to the same extent, as a private person may do."
It appears that the statute only exempts stockholders in
corporations from double liability when the corporation is
organized for educational or other like purposes, or for the
purpose of building, constructing, or operating telegraph
or other lines, or constructing or operating electric or other
plants. It appears that the Fire and Police Company was or-
ganized for other purposes than those exempted in the stat-
utes. It was permitted to manufacture and deal in electric
machinery and supplies, and to exploit or promote the fire
and police telegraph business, to purchase or otherwise ac-
quire stock, bonds, or other obligations of other corporations,
and sell, transfer, and dispose of the same, and to do and
perform all things incident to or necessary or proper to be
done in the conduct of the general business herein stated
to the same extent that a private person might do. Even
admitting that the proof of appellant shows that the Fire
and Police Company only acted as its agent in disposing
of its electric supplies this would not relieve its stockholders
from the double liability under the statutes. Their liability
must be determined from the language of the statutes and
its charter, showing the purposes for which it was organized.
Any other construction would place a burden upon those
dealing with corporations that would be onerous and un-
just. Persons dealing with corporations have the right, and
it is their duty, to look to their charters for their powers
and responsibilities. The statute says, if the corporation was
organized for the purpose. It does not say that, if they were
engaged in such business, they would be exempt. The case

of Arthur v. Willius, 44 Minn., 409, 46 N. W., 851, is in
point. The Constitution of that State provided that corpora-
tions organized for manufacturing purposes should be ex-
cepted from the general provisions of the Constitution mak-
ing stockholders of corporations doubly liable. In the opin-
ion, the court said: "And if the corporation is organized for
the purpose, as declared in the articles of association, of car-
rying on both a manufacturing business and also some other
kinds of business not properly incidental to or necessarily
connected with a manufacturing business, the mere fact that
the corporation never exercised all its corporate powers, and
never in fact engaged in or carried on anything but a manu-
facturing business, will not bring the case within the con-
stitutional exception." The statute excepts such companies
as are organized for the construction or operation of electric
plants. It does not except all corporations dealing in elec-
tric machinery, and buying and selling electric supplies. The
field covered by electric machinery and electric supplies is
entirely too broad to come within the meaning of the statute.
The statute does not except corporations organized for the
purpose of conducting a "general electric business." A gen-
eral electric business would include the manufacture of,
the buying and selling of, every electric contrivance or appa-
ratus known to modern science; and there are no exceptions
in the statutes in favor of corporations organized for the
pupose "of acquiring stocks and bonds or other obligations
of other corporations, and selling and transferring the same."
There is not an intimation in the charter of the Fire and
Police Company that its only business was to be that of act-
ing as selling agent of appellant, Gamewell Company, in
selling and disposing of its appliances. Even if the proof
sustained this contention, the petition of plaintiff states that
it did engage in other business, by buying and dealing in

stocks of other corporations, to-wit, the New Gaynor Com-
pany.

The appellant, the Gamewell Company, contends that even
admitting its double liability, under the statutes, as a stock-
holder in the Fire and Police Company, it was error of the
court in so adjudging in this action, for the reasons that the
other stockholders in the Fire and Police Company were
not made parties to this action, and that it, the sole stock-
holder before the court in this action, was made responsible
upon its statutory liability. From the record it appears
that the stockholders in this corporation were unknown to
appellees, and the presumption is that the appellant knew
the stockholders in the Fire and Police Company, it being
one of them; and, if it deemed it necessary that the other
stockholders should be made parties to the action, it could
have, by appropriate pleadings and proceedings, made them
parties, but it made no effort in this direction. Even if this
was error, it was not prejudicial to the substantial rights of
the appellants. All the stockholders of the Fire and Police
Company were responsible for the double liability under the
statute quoted, but the liability of each stockholder therein
was several and individual, equally and ratably, but not
one for the other. The only thing necessary to be done was
to ascertain the indebtedness of the corporation, and deduct
its assets therefrom, and then ascertain the amount of lia-
bility of appellant under the statute quoted. The case of
Castleman v. Holmes, 4 J. J. Marsh., 5, was where stock-
holders in a corporation had been sued. In that case the
court said: "The liability of the defendants is several, and
not joint. They were properly united in the same action,
as we have already seen; but when the rule of apportion-
ment was ascertained, and the cause prepared as to any one,
we can not see any sufficient reason why he should not be

directed to do justice, without delaying until others can be reached." Section 28 of the Civil Code is as follows: "The court may determine any controversy between parties before it, if it can do so without prejudice to others. . . ." The presence and appearance of the other stockholders of the Fire and Police Company in this action could not have, under any possibility, increased or diminished the amount of appellant's liability under the statute quoted.

There can be no question as to the double liability of the Fire and Police Company to the creditors of the New Gaynor Company. It being the sole stockholder and a corporation does not alter the case. The statute says that all stockholders, unless within the excepted class, shall be liable. It does not make any distinction between the stockholding corporation and an individual. Their responsibility under the statutes is the same. Nor does it relieve it of liability because it was the sole stockholder of the New Gaynor Company. It placed stock in the hands of three persons, who were thus qualified to be, and did continue to be, officers of the New Gaynor Company, until a receiver was appointed in this action. This was a fraudulent transaction entered into by the appellant, the Fire and Police Company, and the New Gaynor Company, for the purpose of holding the New Gaynor Company out as a real corporation and as a pretended competitor, when it was in fact only a dummy for the appellant and the Fire and Police Company, with a view to beat the public. This fraud might have been taken advantage of by parties in interest not implicated, but it can not relieve the parties who caused or induced the wrong from liability imposed by their own acts. See Louisville Gas Co. v. Kaufman, 20 R., 569, 105 Ky., 131, 48 S. W., 434, and Louisville Banking

Co. v. Eisenman, 94 Ky., 83, 14 R., 705, 21 S. W., 531. 1049, 19 L. R. A., 684, 42 Am. St. Rep., 335.

The appellant contends that appellees' pleadings by which they sought to enforce appellant's liability as a stockholder under section 547 of the Kentucky Statutes of 1899 did not constitute a counterclaim, and, being by a defendant against the plaintiff, could not be a cross-petition. We are of the opinion that the facts stated constituted a counterclaim. A counterclaim is defined by section 96 of the Civil Code to be a cause of action in favor of a defendant against a plaintiff, or against him and another, which arises out of the contract or transaction stated in the petition as the foundation of the plaintiff's claim, or which is connected with the subject of the action. The purpose of this action, as stated by appellant in the prayer of its petition, was to have the affairs of the insolvent resident corporations placed in the hands of a receiver of the court, and their assets collected, and the same paid to the creditors of the two corporations. The assets of the two corporations consisted, in addition to visible personal property, in debts due them by contract, as well as sums due from stockholders under their liability created by the statutes. It was certainly connected with the subject of this action and the settlement of these insolvent corporations for the appellees to ask the court to require the appellant, a non-resident corporation, to pay and settle the amount it owed under its statutory liability. This would not have been improper even if it had been a resident corporation. The court was right in not permitting appellant, a foreign corporation, to receive its pro rata on its claim, and then leave the State and compel its creditors to seek a foreign jurisdiction for their relief. See Forbes & Bro. v. Cooper &

Co., 88 Ky., 288, 9 R., 716, 11 S. W., 24; Tinsley v. Tinsley, 15 B. Mon., 459. A nonresident creditor who owns stock in an insolvent Kentucky corporation can not come into a court of equity in this State and subject to the payment of its debts the assets of the insolvent domestic corporation, upon which other creditors have equal claims, and escape from the jurisdiction of our courts with a part of this trust fund in its hands, and thereby lessen the pro rata of other creditors, without first doing equity by paying to the other creditors the amount of its statutory liability to them upon these corporate debts as a stockholder in the insolvent corporation. The other creditors can protect themselves and enforce their rights by a counterclaim

The appellant also objects to the relief granted by the lower court to all the creditors of the insolvent resident corporation other than the appellees Kinsey Company and Southern Company, they being the only creditors to file written pleadings setting forth their claims. The appellant contends that the judgments rendered in behalf of the other creditors are erroneous and should be reversed. All these creditors had a common or general interest in requiring the appellant to account for its statutory liability as a stockholder of the Fire and Police Company, and the creditors were numerous, and it would have been impracticable to bring them all before the court within a reasonable time. For them to appear in the circuit court by written pleadings would have been unnecessary and exceedingly expensive, and the court had, at the beginning of the action, on the application of appellant, enjoined and restrained all these creditors from bringing or prosecuting any action or actions on their claims, except in this action. The Kinsey Company and the Southern Company were authorized by an order of court to prosecute and defend for

all of these creditors under section 25 of the Civil Code. Under section 432 of the Civil Code, it is provided: "A creditor appearing before the commissioner and presenting his claim becomes thereby a party to the action, and is concluded by the final judgment of the court in allowing or rejecting his claim." In view of the fact that these creditors had filed their claims before the master commissioner as required by statute, and that the Kinsey Company and the Southern Company had prepared and filed pleadings for the benefit of themselves and all the creditors having a common or general interest with them, and had been permitted by an order of court to sue and defend for all, and in view of the provisions of the Code last quoted, and the further fact that these creditors had been enjoined and restrained, at the instance of appellant, from prosecuting actions for their relief except in this action, and the enormous additional expense herein if they had been required to file separate written pleadings in behalf of each of the hundred or more creditors setting forth their claims, it would be a travesty on justice to say that they were not entitled to the relief granted them herein by the lower court.

The appellant further complains of the action of the lower court in allowing a certain per cent. of the amounts recovered to be charged against all the creditors who were not represented by special counsel. Admitting this to be true, it is not a cause for reversal of the judgment, for the reason that the creditors who were required to pay it have not appealed, and the appellant has no interest in the matter, as it does not have to pay any part of it.

Perceiving no error prejudicial to the substantial rights of the appellant, the judgment of the lower court is affirmed.